## No. 26956

**Walter Dale Stevenson v. The Industrial Commission of Colorado, Castings, Inc., and State Compensation Insurance Fund**

(545 P.2d 712)

Decided February 2, 1976.

Dilts, Wilson, Dyer & Fossum, Benjamin Marcus, Guy B. Dyer, for plaintiff-appellee.

William J. Baum, Robert S. Ferguson, J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John Kezer, Assistant, for defendants-appellants.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Walter Dale Stevenson, plaintiff-appellee, while employed at Grand Junction, Colorado, by Colorado Castings, Inc., a defendant-appellant, became totally disabled from silicosis. Stevenson (claimant) sought compensation benefits under the Colorado Occupational Disease Disablity Act. Section 8-60-101, C.R.S. 1973, *et seq.* The referee denied the claim, basing his decision on the strict interpretation of section 8-60-110(1)(g),[1] which reads as follows:

"(1) An employer shall not be liable for compensation. . . unless the following conditions are shown to exist:

. . . .

"(g) In the case of either disability or death from silicosis, asbestosis, or anthracosis, the employee during the ten years immediately preceding disablement has been exposed to harmful quantities of silicon dioxide dust, asbestos or coal dust for a total period of not less than five years in this state; but if the employee has been employed by the same employer during the whole of his five-year period of such exposure, his right to compensation against such employer shall not be affected by the fact that he has been employed during any part of such period outside of this state."

■ The claimant, following denial of relief, filed a complaint for a declaratory judgment under C.R.C.P. 57. He alleged that section 8-60-110(1)(g) is unconstitutional, in that the classification is arbitrary, unreasonable and discriminatory, denying him due process and equal protection under the Fourteenth Amendment of the United States Constitution and Art. II, Sec. 25, of the Colorado Constitution. Also, he asserted that it impinges on his constitutional right to travel. The referee had correctly de-

---

[1] C.R.S. 1963, 81-18-10(h).

clined to rule on the constitutional issues. *Kinterkneckt v. Industrial Commission*, 175 Colo. 60, 485 P.2d 721 (1971).

The stipulated facts adopted from the findings by Referee William S. Kaufman in his order dated October 2, 1972, were the basic facts on which the declaratory action was tried. The following findings are material to the constitutional issue presented by this appeal:

" '4. That the claimant was employed by Castings, Inc. of Grand Junction, Colorado, on June 26, 1970 and had been so employed since October, 1966, a period of three years and eight months.

" '5. That prior to his employment with Castings, Inc. of Grand Junction, Colorado, the claimant was employed by the Western Gold and Uranium Company and Western Equities, Inc. in the State of Arizona from April 1960 to July 1, 1966.

" '6. That the claimant has been exposed to harmful quantities of silicon dioxide dust while employed by Castings, Inc. of Grand Junction, Colorado; however, such exposure was for a period of less than five years of the last ten years in the State of Colorado prior to his disablement and cannot recover under C.R.S. [1963] 81-18-10(h).

" '7. That the claimant was employed for only three years and eight months of the last ten years by a Colorado employer and was in the State of Colorado for that period of time and that the respondents have not raised the defense stated under C.R.S. [1963] 81-18-10(h).

. . . .

" '9. That the claimant is not entitled to recover benefits under C.R.S. [1963] 81-18-13 not having qualified for the basic requirements to recover under the Occupational Disease Statutes.' "

Pertinent to the constitutional issues before it, the trial court additionally found:

"(2) The Plaintiff's work history referred to in the Referee's Opinion reflects extensive work experience as a miner in Colorado. Plaintiff worked continuously in Colorado mines and tunnels from December 1933 to May 1953, excepting some brief intervals totalling not more than thirteen months during which Plaintiff was engaged in non-mining employment in Colorado. Plaintiff had demonstrable silicosis in both lungs in 1953. Between May 1953 and July 1, 1966, Plaintiff was engaged in a variety of jobs, predominantly as a miner, in eight western states, including Colorado. In October 1966, Plaintiff returned to Colorado employment, as a Foundry Coremaker for Castings, Inc. in Grand Junction, Colorado. Plaintiff's employment with Castings, Inc. terminated on June 26, 1970, the date of Plaintiff's total disablement due to silicosis.

"(3) Based upon the testimony of Referee Kaufman at the trial of the within matter, the Plaintiff has become totally disabled from silicosis which was either caused or aggravated as a result of his employment in Colorado. Except for the provisions of C.R.S. 1973, 8-60-110(g) requiring

exposure to harmful quantities of silicon dioxide dust within five of the last ten years in Colorado immediately prior to disablement, the Plaintiff would have received a full award of benefits for being permanently and totally disabled as a result of silicosis."

The defendants-appellants stated the issue here, thusly:

"Is C.R.S. '73, 8-60-110(g), providing that in the case of either disability or death from silicosis, the employee during the ten years immediately preceding disablement must have been exposed to harmful quantities of silicon dioxide dust for a total period of not less than five years in Colorado as a condition of entitlement to an award of workmen's compensation, a classification that creates such an invidious discrimination between disabled Colorado employees as to be violative of the Equal Protection Clause and due process provisions of the Fourteenth Amendment and of the Fifth Amendment to the Constitution of the United States."

Prefatory to ruling the statute unconstitutional, the trial court concluded, as a matter of law, that section 8-60-110(1)(g) creates not one, but several classifications. The trial court found that the statute improperly distinguishes between:

"(a) the dust diseases (silicosis, anthracosis, and asbestosis) and other occupational diseases enumerated in 1973 C.R.S., 8-60-109;

"(b) disabled employees exposed to harmful quantities of silicon dioxide dust (silica) for five years or more and those who have been so exposed for less than five years;

"(c) disabled employees whose five-year exposure has been encountered within Colorado, and those whose exposure has been wholly or in part outside of the borders of Colorado;

"(d) disabled employees whose five-year exposure to harmful quantities of silica in Colorado has occurred in the ten years next preceding the disablement, and workers whose five-year exposure has occurred over a period longer than ten years."

 In resolving this challenge, we find it necessary to consider only the equal protection challenge to classification (b).[2] We first focus our attention upon the proper standard of review in analyzing the constitutionality of this statutory classification under the equal protection clause. The oft-applied "strict judicial scrutiny" test for equal protection is not applicable here, because classification (b) is not "suspect,"[3] nor does it infringe

---

[2] We, thus, find it unnecessary to consider whether the other classifications affect claimant's fundamental right to travel, see Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), or whether classification (b) is an unconstitutional denial of due process as establishing an irrebuttable presumption. Vlandis v. Kline, 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).

[3] Loving v. Virginia, 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967); McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

upon a "fundamental right."[4] The trial court correctly examined the statutory classification in issue by what is generally known as the "rational basis" test, which requires only that the classification bear a reasonable relationship to a legitimate state objective. *McDonald v. Board of Election*, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969).

■ As to the statutory distinction set out in (b), the trial court concluded, and we agree, that the length of harmful exposure has little value as a criterion for definitely establishing a causal connection between the employment-related exposure and the disease. It based its conclusion on the evidence which showed that the duration of exposure to hazardous quantities of silica dust required to induce disabling silicosis can vary from six months to ten or even twenty years.

The trial court's rationale for its conclusion follows:

"While the five-year exposure requirement does probably eliminate many claims in which there is no causal connection between the employment and the disease, the category it creates also includes some persons whose exposure for less than five years has induced the disease. The administrative convenience to the state of being able to screen out large numbers of potential applicants who would not be able to show causal connection does not justify denial of an opportunity to show causal connection to those who can make such a showing. *Vlandis v. Kline*, 412 U.S. 441, 37 L.Ed.2d 63, 93 S.Ct. 2230 (1973). The denial of a hearing to such applicants is a denial of due process; the denial of benefits to a class of workers indistinguishable on the basis of relevant considerations from a class of workers who are granted benefits denies them equal protection of the law. *Stanley v. Illinois*, supra." [405 U.S. 645, 31 L.Ed.2d 551, 92 S.Ct. 1208 (1972).]

We accept the trial court's findings and hold that the five-year exposure requirement has been shown to bear no reasonable relation to a legitimate state objective. It must be held unconstitutional as an abridgment of claimant's right to equal protection of the laws.

The judgment is affirmed.

MR. JUSTICE GROVES does not participate.

---

[4] *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); *Harper v. Virginia Bd. of Elections*, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966).