546 P.2d 1281 (1976)
EIGHT THOUSAND WEST CORPORATION, and Division of State Compensation Insurance Fund, Petitioners,
v.
Ollus STEWART, and Industrial Commission of the State of Colorado, Respondents.
No. 75-442.
Colorado Court of Appeals, Div. II.
February 19, 1976.
*1282 James A. May, Francis L. Bury, Robert S. Ferguson, Denver, for petitioners.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, John Kezer, Asst. Attys. Gen., Denver, for respondent Industrial Commission.
No appearance for respondent Ollus Stewart.
Selected for Official Publication.
STERNBERG, Judge.
This is an appeal by an employer and its insurer from an order of the Industrial Commission which applied a statutory amendment increasing the maximum amount of lump sum awards to one whose injury had occurred prior to the adoption of the amendment. We reverse.
Claimant, Ollus Stewart, was injured in an industrial accident on July 31, 1970, while employed by petitioner, Eight Thousand West Corporation. As a result of this injury, on October 8, 1970, Stewart underwent back surgery following which the employer entered a general admission of liability for temporary total disability. Thereafter, while working from time to time at other jobs, Stewart continued to have difficulty with his back and again sought medical help. On July 8, 1971, a physician's report indicated for the first time that Stewart had sustained permanent partial disability as a result of the 1970 accident. Thereafter, on November 4, 1971, the employer filed a form admitting that Stewart had sustained permanent partial disability in the amount of 3% as a working unit. Stewart contested the amount of disability, but after a hearing on February 25, 1972, the referee found that Stewart was permanently partially disabled in the amount of 3% as a working unit. In May 1972, however, Stewart filed a petition to reopen and, following a hearing on this petition, by order dated April 24, 1973, the referee found Stewart to be permanently and totally disabled.
Thereafter, in July 1973, February 1974, and September 1974, Stewart made several requests for lump sum payments. Each of these requests was approved by the Commission. In February 1975, when the total lump sum awards already paid amounted to $10,654.32, Stewart requested an additional lump sum payment of $9,612.43. Relying on 1969 Perm.Supp., C.R.S.1963, 81-13-3, the employer objected to this last request claiming that if it were granted, the total of all lump sum payments would exceed the statutory limit of liability of $18,623.50 in effect at the time of injury.
The Commission granted Stewart's request for the full amount of the additional lump sum payment. In its order granting this request, the Commission stated that Stewart's claim was controlled by a 1971 statutory amendment, § 8-52-103(2), C.R. S.1973, which increased the maximum lump sum award to $20,266.75.
The employer and its insurer contend that since Stewart was injured on July 31, 1970, while 1969 Perm.Supp., C.R. S.1963, 81-13-3, was in effect, that statute, including the maximum lump sum award contained therein, controls his claim. We agree.
Civil liabilities already incurred may not be changed by statute unless specifically so provided by the legislature. No such legislative intent appears in this enactment. Section 2-4-303, C.R.S.1973. See State Highway Department v. Stunkard, 115 Colo. 358, 174 P.2d 346; and *1283 Colorado Fuel & Iron Corp. v. Industrial Commission, 148 Colo. 557, 367 P.2d 597.
To interpret the statute retrospectively as claimant urges could create chaos in the operations of workmen's compensation insurers whose premium rates and loss reserves are computed on their potential liability inherent in the statutory scheme that was in effect upon issuance of the insurance. Cf. Taylor v. Public Employees' Retirement Association, Colo., 542 P.2d 383.
The order of the Industrial Commission that lump sum benefits be awarded based on the 1971 statute is set aside and the cause remanded with directions to reduce the total of the sum awarded so that the total of all lump sum payments to this claimant shall not exceed $18,623.50, the amount specified in the statute at the time of claimant's injury.
ENOCH and RULAND, JJ., concur.