Marvin V. BRANTLEY, Appellant,

v.

The PHOENIX INSURANCE COMPANY et al., Appellees.

No. 16647.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 18, 1976.

Rehearing Denied April 15, 1976.

Jack E. Stephens, Houston, for appellant.

Danny L. Van Winkle, Houston, for appellees; Vinson, Elkins, Searls, Connally & Smith, Houston, of counsel.

EVANS, Justice.

A workmen's compensation case.

This suit was brought to collect benefits for total disability resulting from the contraction of asbestosis. The claimant alleged that he had been employed as a fiberglass man by Industrial Waterproofing, Division of Tex-Tube, Inc., from December 1961, through October 1962 and that his only exposure to asbestos was during that period of time. He alleged that he terminated all employment during September 1973 and during surgery in March 1974 a highly malignant tumor was discovered which was diagnosed as having been caused by his exposure to asbestos dust.

The parties stipulated that the last injurious exposure occurred in 1962; that the claimant's incapacity resulting from inhalation of asbestos dust did not occur within three years of such last exposure and that the first distinct manifestation of asbestosis and incapacity occurred after August 30, 1971. Based upon the pleadings and stipulations, the trial court granted the insurance carrier's motion for summary judgment.

Section 25 of Article 8306, Tex.Rev.Civ. Stat.Ann., which was repealed by Acts 1971, 62nd Leg., p. 2540, ch. 834, § 2, effective August 30, 1971, provided in part:

> "The Association shall not be liable for any compensation for an occupational disease unless . . . incapacity or death results within three (3) years in the case of silicosis or asbestosis after the last injurious exposure to such disease in such employment . . ."

The same legislature which repealed Section 25 of Article 8306, also amended Section 20 of that Article so as to define the term "occupational disease" as including "damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities extending over a period of time and arising in the course of employment; provided, that the date of the cumulative injury shall be the date disability was caused thereby."

Appellant contends that since his disability was not manifested until 1973, his "cumulative injury" occurred after the repeal of Section 25 and that statute did not preclude his recovery. He relies upon the rationale of Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

It is appellees' position that since appellant's "last injurious exposure" occurred prior to the repeal of Section 25, that sec-

tion is controlling. It argues that the legislature's intent that Section 20 would be given only prospective application is reflected by Section 3 of the 1971 amendatory act which reads as follows:

"Sec. 3. As respects claims for injury sustained prior to the effective date of this Act, no inchoate, vested, matured, existing or other rights, remedies, powers, duties, or authority, either of any employee or legal beneficiary, or of the Board, or of the association, or of any other person shall be in any way affected by any of the amendments or repeals herein made to the original law hereby amended or repealed, but all such rights, remedies, powers, duties, and authority shall remain and be in force as under the original law just as if the amendments or repeals hereby adopted had never been made, and to that end it is hereby declared that as respects such injuries occurring prior to the effective date of this Act, said original law is not repealed, but the same is, and shall remain in full force and effect as to all such rights, remedies, powers, duties, and authority; and further that this Act insofar as it adopts the law of which it is an amendment is a continuation thereof, and only in other respects a new enactment."

While we recognize that the provisions of the Workmen's Compensation Act should be liberally construed in favor of an injured claimant, we are not at liberty to adopt a construction which is contrary to the plain and unambiguous language of the statute. *Second Injury Fund v. Keaton,* 162 Tex. 250, 345 S.W.2d 711, 714 (1961). The 1971 amendatory act manifests a legislative intent that the amended laws will not affect pre-existing rights or remedies. This view is aided by the presumption that the legislature did not intend to enact an unconstitutional statute.

Article I, Section 16, of the Texas Constitution provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

A statute which revives a cause of action which has already been barred is retroactive within the intent and meaning of the constitutional provision. *Southern Pacific Transport Co. v. State,* 380 S.W.2d 123, 127 (Tex.Civ.App.—Houston 1964, writ ref'd); *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249 (1887). Under the provisions of Section 25, which remained in effect until its repeal in 1971, an insurance carrier was relieved of liability upon the expiration of three years following the workman's "last injurious exposure" to asbestosis. The provisions of that statute must be read into the contractual arrangement between the parties in the instant case. *Cathey v. Weaver,* 111 Tex. 515, 242 S.W. 447 (1922); *Garrett v. Texas Employers Ins. Ass'n,* 226 S.W.2d 663 (Tex.Civ.App.—San Antonio 1949, writ refused). Since the parties' rights and remedies became fixed under Section 20, upon expiration of three years after appellant's last injurious exposure, a retroactive application of the 1971 amendment to Section 20 would impair appellee's substantive right to rely upon the prior statute as a defense. *Cathey v. Weaver,* supra; *Petroleum Casualty Co. v. Canales,* 499 S.W.2d 734, 737 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). We believe the trial court properly determined appellant's cause of action to be precluded under the provisions of Section 25, Article 8306, Tex.Rev.Civ.Stat.Ann.; *Legate v. Bituminous Fire & Marine Insurance Co.,* 483 S.W.2d 488 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

Affirmed.