## No. 27202

**Virginia P. Kistler v. Industrial Commission of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), and Codesco Company**

(556 P.2d 895)

Decided November 29, 1976.

Declan J. O'Donnell, Robert L. Harris, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, John Kezer, Assistant, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from an Industrial Commission decision awarding Kistler, the claimant, a "special award" of unemployment compensation

benefits, but refusing to pay her until she worked thirteen weeks in new employment.

Claimant was an employee of the Codesco Company until April, 1975. She quit her job at that time in order to accompany her husband to California where he had obtained employment. While in California she actively sought work but was unable to find a suitable job. Accordingly, she filed an interstate claim for unemployment compensation. The Deputy of the Colorado Division of Employment found that the claimant had voluntarily quit her job to "fulfill a marital obligation" and pursuant to section 8-73-108(8)(a), C.R.S. 1973, made a "special award."[1] Ultimately the Industrial Commission affirmed these findings.

■ The Commission has correctly applied the statute. The only question presented concerns the constitutionality of section 8-73-108(8)(a), C.R.S. 1973. Claimant argues that the statute is unconstitutional under the Equal Protection and Due Process clauses of the Fourteenth Amendment. We agree that the statute creates an impermissible classification and we therefore hold that the statute is unconstitutional as a violation of equal protection.

■ A challenge to a statute based on the Equal Protection clause requires us to decide initially what level of review is appropriate. Claimant urges that this statute impinges upon a "fundamental right" and that we should therefore require that the state show a compelling state interest. *See e.g. Skinner v. Oklahoma*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). We do not view the issue of marital obligation as a fundamental right. No court has so extended the law and we are not inclined to do so. In any event, it is not necessary that we use this level of strict scrutiny for we find that this legislative classification lacks a rational basis. It is clear that in the absence of the fostering of a legitimate state interest, the statute must fall. *See Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976). *See also Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

The purpose of the unemployment compensation act has been clearly stated by the legislature. Section 8-73-108(1), C.R.S. 1973 explains that

---

[1] Section 8-73-108(8) provides:
"A worker who becomes separated from employment under conditions enumerated in this subsection (8) shall be entitled to a special award of benefits. A worker who has received a special award of benefits shall not be entitled to benefits until, subsequent to the separation which caused the award, he has worked for thirteen weeks in full-time employment in Colorado or full-time employment outside Colorado which was covered by an unemployment insurance law, or a combination thereof which totals thirteen full weeks, and is otherwise eligible. The conditions are as follows:
(a) Marital, parental, filial, or domestic obligation;
. . . ."

unemployment insurance is for the benefit of persons unemployed through no fault of their own. To further this purpose the statutes provide that if a person is furloughed from a job because of lack of work, he is entitled to a "full award" under section 8-73-108(4), C.R.S. 1973. If someone leaves a job for no apparent reason, he receives a "no award" designation pursuant to section 8-73-108(6), C.R.S. 1973. A determination of "no award," however, does not mean that the individual will receive no benefits at all.

By amendment in 1971 the legislature provided that a person receiving "no award" would be penalized by a delay in the payment of benefits for a period of thirteen to twenty-five weeks (depending on the specific circumstances) and that the amount of total benefits would be reduced by the number of weeks of disqualification multiplied by the claimant's weekly benefit amount. Section 8-73-108(2)(b)(I), C.R.S. 1973.

In short, a person who quits for no reason at all is penalized but could be entitled to some benefits after at least the first thirteen weeks even though he could not obtain employment during that time. Of course, all other criteria for determining eligibility must be met, including an active search for work. Section 8-73-107, C.R.S. 1973.

The claimant in this case, however, must wait until she obtains another job, works for at least thirteen weeks, and then loses that job before she is entitled to receive any benefits. Since she was unable to find a job before the expiration of the benefit year, under the terms of the statute, she could receive no benefits at all. Section 8-73-108(8)(a), C.R.S. 1973.

It is, of course, true that the state could deny *any* benefits to those who voluntarily separate from employment. Such a provision could foster a legitimate state interest. However, once the state *has* chosen to provide some benefits under such circumstances, the scheme by which the benefits are determined must have a rational basis. *See Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976).

We hold that the additional burden requiring thirteen weeks of work after separation in order to receive benefits imposed upon the statutorily created class of persons who terminate employment for "marital, parental, filial or domestic obligations," as opposed to the lack of such requirement for those who terminate for no reason recognized by the statute as justifiable, creates an irrational classification which serves no legitimate state purpose.

The state suggests that it has a legitimate interest in providing unemployment benefits only to conscientious persons. We agree. But that interest is preserved by the statutory requirement that in order to receive benefits a claimant must be available for work and actively seeking employment. Section 8-73-107, C.R.S. 1973.

The state agrees that the classification scheme is illogical but argues that it does not rise to the level of unconstitutionality. We disagree. A scheme that offers benefits to one who quits for no reason, but refuses

benefits to a person who is forced to quit because of family circumstances until she can find another job is not only illogical, it is an impermissible classification under the Equal Protection clause.

In view of our disposition of this case, we do not find it necessary to consider claimant's due process objections.

The order is reversed and the case is remanded to the Industrial Commission for proceedings consistent with this opinion.

MR. JUSTICE HODGES does not participate.