573 P.2d 938 (1977)
UNION CARBIDE CORPORATION, Employer, and State Compensation Insurance Fund, Insurer, Petitioners,
v.
The INDUSTRIAL COMMISSION of Colorado and Juereta P. Smith, its Director, Climax Uranium Corporation, Employer, and Claimants in the matter of the Death of Roy Benally, Respondents.
No. 77-437.
Colorado Court of Appeals, Division I.
October 27, 1977.
Rehearing Denied November 17, 1977.
Certiorari Granted January 23, 1978.
*939 Nelson, Hoskin, Groves & Prinster, P. C., William H. Nelson, Gregg K. Kampf, Grand Junction, for petitioners.
Robert S. Ferguson, Denver, for State Petitioner State Compensation Ins. Fund.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado and Juereta P. Smith, Its Director.
Traylor, Palo, Cowan & Arnold, Charles J. Traylor, David L. McKinley, Grand Junction, for respondent Climax Uranium Corp.
COYTE, Judge.
Union Carbide Corporation and its insurer, petitioners, seek review of an order of the Industrial Commission awarding death benefits of $7,500, the maximum statutory amount, plus interest from the date the claim was filed. The award was premised on the finding that Union Carbide was the last employer in whose employment the decedent was last injuriously exposed to harmful levels of radiation. We affirm as to the $7,500 but reverse as to the interest, which should be paid out of the subsequent injury fund.
The dispute is between the employee's last two employers and centers on the interpretation of this language:

*940 "Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier." Section 8-51-112, C.R.S.1973 (1976 Cum.Supp.)
The employee died of lung cancer incurred as a result of his exposure to radioactive materials during his work as a uranium miner for various employers. He began work for Union Carbide on April 28, 1970, and was dismissed on May 5, 1970, for failure to pass a pre-employment physical examination. Although the physical was given before he began work, the results were not available until after he had worked eight days. The examination revealed the onset of lung cancer from which the employee later died. Petitioners urge that the employee's brief exposure to radiation during his very short employment with Union Carbide was so insignificant in causing his lung cancer that it could not amount to a last injurious exposure. We disagree.
Although the medical expert, in his testimony before the referee, explained that the short exposure suffered by the employee while working for Union Carbide probably did not cause his lung cancer and death, he gave as his opinion that the exposure was of a level which if continued indefinitely would increase the probability of lung cancer. This testimony is sufficient to support a finding that the exposure met the applicable test.
"The Colorado statute does not require that the last injurious exposure be the cause in fact of the disease. To the contrary, we read the statute as declaring that an injurious exposure is a concentration of toxic material which would be sufficient to cause the disease in the event of prolonged exposure to such concentration. . . . [W]e believe there is a clear manifestation of the legislature's intention to hold liable the last employer in whose employment the employee was exposed to injurious concentrations of toxic materials, regardless of the length of the exposure required actually to cause the disease." Climax Uranium Co. v. Claimants in re the Death of Smith, 33 Colo.App. 337, 522 P.2d 134 (1974). (emphasis in original)
The length of exposure is immaterial. As the Supreme Court stated in Colorado Fuel & Iron Corp. v. Alitto, 130 Colo. 130, 273 P.2d 725 (1954): "[T]he General Assembly intended to provide compensation benefits for exposure continuing for any period after the effective date of the Act."
Petitioners also urge that their compliance with the federal standard for safe levels of radiation should immunize them from liability for having subjected an employee to his last injurious exposure. While their compliance with the federal guidelines may insure that they do not violate any federal regulation, it is immaterial to their liability under our workmen's compensation statute which does not deal with statistical amounts of exposure but rather is a "practical statute, having for its purpose the accomplishment of a definite humane purpose. It should be mantled in the spirit of the objective, not shrouded in a haze of over-technical interpretations." Colorado Fuel & Iron Corp. v. Alitto, supra.
Accordingly, the resolution of the factual question of last injurious exposure being supported by substantial evidence, it will not be set aside on review. See, e. g., State Compensation Insurance Fund v. Foulds, 167 Colo. 123, 445 P.2d 716.
As to the interest awarded, under § 8-60-113, C.R.S.1973, which is applicable to this case, the last employer or his insurance carrier is liable for total benefits up to the amount of $7,500, but "additional benefits shall be paid out of the subsequent injury fund . . . ." Consequently, as all parties have agreed, the interest awarded by the Commission in excess of the $7,500 award is payable out of the subsequent injury fund, rather than by petitioners.
*941 The order is affirmed in part and set aside in part, and the cause is remanded for entry of an order consistent with this opinion.
PIERCE, J., concurs.
SMITH, Judge, dissents.
I respectfully dissent.
In deciding Climax Uranium Co. v. Claimants in re the Death of Smith, 33 Colo.App. 337, 522 P.2d 134 (1974), this court rejected the theory that "injurious exposure" was to be determined on a cumulative basis and elected instead to view the level of radiation exposure as determinative irrespective of the length of time during which the employee was exposed. In attempting to define the level above which an exposure would be considered injurious, we said in the Smith case that an injurious level had been reached when radiation existed in a "concentration . . . which would be sufficient to cause the disease in event of prolonged exposure . . . ." This was an attempt to base employer liability upon the safety of the conditions under which he required the employee to work.
In retrospect perhaps our choice of words was unfortunate in that it did not emphasize the necessity of determining the level at which an exposure ceases to be harmless and becomes injurious.
It seems to be clear from the expert testimony presented in the instant case, as well as that in the Smith case that any exposure to the type of radiation found in uranium mines, will, to some degree, increase the probability of contracting lung cancer. This fact, however, does not, in my view, justify the imposition of liability. Here the majority has affirmed a finding of liability based upon testimony that the level of exposure was such that "if continued indefinitely [it] would increase the probability of lung cancer." That test would render every "last" employer liable.
In my opinion, we cannot ignore the requirement we ourselves created by implication in Smith to the effect that the point at which an injurious level of radiation is reached is an issue which must be determined based upon substantive evidence. Whether that evidence is presented on an individual case basis or whether the Federal Standard, which, presumably is based on exhaustive testing, is used, the finder of fact must make the determination of whether a particular level of exposure present at the work site is above the level at which it becomes injurious.
Although I agree with the majority on the interest question, I would reverse and remand with directions that the Commission determine the level at which Benally's exposure to radiation would have been considered to be injurious and then, whether he was exposed to a level exceeding that threshold.