**No. C-1543**

**Mountain States Telephone and Telegraph Company, a Colorado corporation v. Department of Labor and Employment, Industrial Commission of the State of Colorado (Ex Officio Employment Compensation Commission of Colorado), and Alice J. Wetherow**

(592 P.2d 808)

Decided April 2, 1979.

DeMuth, Eiberger, Kemp & Backus, David H. Stacy, for petitioner.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Louis L. Kelley, Assistant, for respondents.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

The claimant-respondent is a 38-year-old woman, married, and the mother of three. On July 7, 1976, she resigned from her job with Mountain Bell in order to accompany her husband to California where he had obtained new employment. The claimant applied for unemployment compensation under the Colorado Employment Security Act, section 8-70-101, *et seq.*, C.R.S. 1973 (1978 Supp.). The Industrial Commission granted a full award of benefits, and the court of appeals affirmed in *Mountain States Telephone and Telegraph Co. v. Department of Labor and Employment,* 40 Colo. App. 381, 579 P.2d 651 (1978). We granted certiorari and now reverse.

In granting a full award of benefits to respondent, the Industrial Commission concluded that under section 8-73-108(6)(b)(VI), C.R.S. 1973 (1976 Supp.) (now repealed), the claimant's separation from employment was "unavoidable" and, therefore, she was entitled to a full award of benefits. We do not find it necessary to reach the issue of whether a married woman who terminates her employment in order to relocate with her husband is deemed to be unavoidably unemployed within

the meaning of section 8-73-108(6)(b)(VI), C.R.S. 1973 (1976 Supp.). Assuming, however, that the respondent fell within the purview of this provision, the commission nevertheless lacked statutory authority to make an award under it. Section 8-73-108(6) stated explicitly that the subsection was only applicable where "the division determine[d] that a claim for benefits was not specifically covered under other provisions of this section."

■ In the present case, respondent's claim was explicitly covered by section 8-73-108(5)(d) which mandates a reduction of benefits where the claimant's reason for separation is "[m]oving to another area except for health reasons or to accept a better job." Respondent concedes that her move to California was not prompted by health reasons or by job prospects. Accordingly, the court of appeals and the Industrial Commission erred in finding that respondent was entitled to a full award of benefits under subsection (6), rather than a reduced award under subsection (5).

The cases cited by the court of appeals in support of its opinion *(Briggs v. Industrial Commission,* 36 Colo. App. 292, 539 P.2d 1303 (1975), and *Mountain States Telephone and Telegraph Company v. Department of Labor,* 38 Colo. App. 298, 559 P.2d 252 (1976)), are inapposite, because they involved claimants who qualified for a "special award" of benefits under the marital obligation section of the statute. Section 8-73-108(7)(a)(I), C.R.S. 1973 (1976 Supp.) (now repealed). Unlike subsection (6), subsection (7) did not contain the requirement that it could not be invoked if the commmission determined that the claim was covered under other provisions of section 108.

■ The marital obligation provision was declared unconstitutional by this court in *Kistler v. Industrial Commission,* 192 Colo. 172, 556 P.2d 895 (1976), and was subsequently deleted from the statute by the general assembly. Accordingly, a claim for compensation, such as the one requested here, can no longer be supported on a marital obligation ground.

The judgment is reversed and the case is returned to the court of appeals for remand to the respondent consonant with this opinion.

MR. JUSTICE GROVES, MR. JUSTICE ERICKSON and MR. JUSTICE ROVIRA do not participate.