In the Matter of the Claim of James Aloysius STARK, Petitioner,

v.

Ben ZIMMERMAN, State Compensation Insurance Fund, and the Industrial Commission of the State of Colorado, Respondents.

No. 80CA0674.

Colorado Court of Appeals, Div. I.

Dec. 3, 1981.

George T. Ashen, John A. Steninger, Denver, for petitioner.

Russell A. Stanley, William J. Baum, Denver, for respondents.

COYTE, Judge.

Petitioner seeks review of a final order of the Industrial Commission upholding the referee's supplemental order denying petitioner disability benefits. We affirm.

Petitioner worked as a uranium miner from 1945 to 1960. From 1957 to 1960, his last three years as a miner, he was employed by Ben Zimmerman in Colorado. During the entire fifteen year period he worked as a miner he was exposed to silica dust, but his exposure to that dust ended in 1960, when he quit working as a miner.

In July 1972, petitioner was diagnosed as having silicosis. On March 2, 1978, he filed a claim seeking compensation under the Colorado Occupational Disease Act, § 8–60–101 et seq., C.R.S.1973. The referee denied the claim, finding that the claimant had not developed the disease within five years of his last injurious exposure as required by § 8–60–110(1)(e), C.R.S.1973.[1] On review, the Industrial Commission upheld the referee's order.

I

Petitioner first contends that § 8–60–110(1)(e), C.R.S.1973, is arbitrary, unreasonable, and discriminatory and, thus, violates the equal protection clauses of the Fifth and Fourteenth Amendments. We disagree.

Initially, we note that we have jurisdiction to decide the constitutionality of statutes involving the Industrial Commission. *See Matthews v. Industrial Commission*, Colo.App., 627 P.2d 1123 (1980).

Section 8–60–110(1), C.R.S.1973, provides:

"An employer shall not be liable for compensation or other benefits under the provisions of this article for disability or death resulting from the diseases specified in section 8–60–109 unless the following conditions are shown to exist:

1. Although the referee erroneously applied § 81–18–10(1)(g), C.R.S.1953, the law in effect at the time of the last injurious exposure, that error is without significance since the 1953 statute is identical to § 8–60–110(1)(e), C.R.S. 1973, the law in effect at the time disability occurred.

. . . .

"In the case of disability from silicosis, asbestosis, or anthracosis, the disablement [must have] resulted within five years from the date of the employee's last injurious exposure to such disease while actually working for the employer against whom compensation is claimed . . ."

■ As the right to disability benefits is not a fundamental right, and the class of disabled employees who have not developed silicosis within five years of their last injurious exposure is not a suspect class, the rational basis test must be applied. *See Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976). To pass judicial scrutiny under the rational basis test, the classification must bear a reasonable relationship to a legitimate state objective. *Stevenson v. Industrial Commission, supra.*

■ Although the time limitations contained in the statute have a harsh effect upon this claimant, the limitation operates in the same manner on all members of his class. Petitioner has not demonstrated any invidious discrimination as any time period, however lengthy, will have a harsh effect upon certain claimants. *See Graber v. Peter Lametti Construction Co.*, 293 Minn. 465, 197 N.W.2d 443 (1972).

Furthermore, the General Assembly has a legitimate interest in preventing stale claims and evidently decided that proof after five years would become too speculative and unreliable. *See Graber v. Peter Lametti Construction Co., supra.* The means it has chosen to effectuate this result, that of barring claims when disablement does not occur within five years of the last exposure, bears a reasonable relationship to that end. *Graber v. Peter Lametti Construction Co., supra.* Accordingly, § 8–60–110(1)(e), C.R.S.1973, is not unconstitutional.

## II

Petitioner next contends that the five-year disablement requirement of § 8–60–110(1)(e), C.R.S.1973, operates as a statute of limitations rather than as a condition precedent to the stating of a claim for relief. Accordingly, petitioner argues that the employer and the insurer waived their right to assert the five year disablement requirement because they failed to assert it as an affirmative defense in the first hearing. We disagree.

■ The language of § 8–60–110(1), C.R.S.1973, makes disablement within five years a condition precedent to any liability of the employer. In establishing the five-year time limitation as a condition of liability, the General Assembly clearly indicated that § 8–60–110, C.R.S.1973, was to operate differently than § 8–60–111, C.R.S.1973, and, in the latter section, it imposed various time limitations upon the filing of claims. By separating the two sections and by clearly designating § 8–60–111, C.R.S.1973, as a statute of limitations, the General Assembly has shown a clear intent that if the conditions set forth in § 8–60–110, C.R.S.1973, are not fulfilled, the employee will not have any claim against his employer.

Section 8–60–110, C.R.S.1973, therefore, is jurisdictional in nature, rather than a statute of limitations, and thus, the parties' failure to assert it at the first hearing will not operate as a waiver. *See Ball v. Industrial Commission*, 30 Colo.App. 583, 503 P.2d 1040 (1972).

## III

Petitioner last contends that the repeal of § 8–60–110, C.R.S.1973, effective September 1975, removed the statute from consideration by the Commission. We disagree.

■ Absent an express legislative provision, the repeal of a statute will not operate retroactively to modify vested rights or liabilities. *See* § 2–4–303, C.R.S.1973; *cf. Eight Thousand West Corp. v. Stewart*, 37 Colo.App. 372, 546 P.2d 1281 (1976). Here, the parties' rights and liabilities became fixed in 1965, when petitioner had not become disabled within five years after his last exposure to silica dust. As the General Assembly made no provision for retroactive application when it repealed the statute at issue, the repeal cannot operate retroactive-

ly to revitalize petitioner's claim or to impair the employer's right to rely upon the prior statute as a defense. *See Brantley v. Phoenix Insurance Co.*, 536 S.W.2d 72 (Tex. Civ.App.1976).

Order affirmed.

STERNBERG, J., concurs.

BERMAN, J., dissents.

BERMAN, Judge, dissenting.

I respectfully dissent.

In *Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976), the Supreme Court determined that § 8–60–110(1)(g), C.R.S.1973, was unconstitutional as an abridgement of claimant's right to equal protection of the laws. I find the rationale there employed equally applicable to § 8–60–110(1)(e) of the same statute. That rationale points out that: " 'While the five year exposure requirement does probably eliminate many claims in which there is no causal connection between the employment and the disease, the category it creates also includes some persons whose exposure for less than five years had induced the disease. The administrative convenience to the state of being able to screen out large numbers of potential applicants who would not be able to show causal connection does not justify denial of an opportunity to show causal connection to those who can make such a showing.' "

The appellee's brief here concedes that in *Stevenson, supra,* the Supreme Court "agreed with the trial court's rationale that the five year exposure requirement was not shown to bear a reasonable relation to a legitimate state objective." *Stevenson* dealt with only one of the issues which the trial court found made the statute improper, that being the improper distinction between "disabled employees exposed to harmful quantities of silicone dioxide dust (silica) for five years or more and those who have been so exposed for less than five years." As the court in *Stevenson, supra,* pointed out, the claimant alleged that § 8–60–110(1)(g) denied him due process and equal protection under both the United States and Colorado Constitutions.

Since I deem § 8–60–110(1)(e), C.R.S. 1973, to be unconstitutional, there is no reason to consider § 2–4–303, C.R.S.1973, as being applicable. Nor does *Graber v. Peter Lametti Construction Co., supra,* apply.

Although I would hold that § 8–60–110 is not jurisdictional in nature, it is unnecessary to do so because with the elimination of subsection (1)(e) from this statute because of its unconstitutionality there is no further bar under this section.

Here, the referee's supplemental order found as fact based upon evidence in the record that the claimant had been employed as a uranium miner from October 1945 until November 1960, that he was last employed by respondent employer from August 1957 to November 1960, and that during all periods of that employment he was exposed to silica dust. During his 10½ years of employment beginning in March of 1961, he was not exposed to silica dust. The referee further found that on July 18, 1972, claimant was diagnosed as having silicosis and found to be totally incapacitated for any gainful employment.

In *Climax Uranium Co. v. Smith*, 33 Colo. App. 337, 522 P.2d 134 (1974), the concept of "last injurious exposure" was defined as "a concentration of toxic material which would be sufficient to cause the disease in the event of prolonged exposure to such concentration." The Supreme Court in *Union Carbide v. Industrial Commission*, 196 Colo. 56, 581 P.2d 734 (1978), approved that test. Since the referee here did not make any specific finding that claimant's disablement from silicosis was as a result of his last injurious exposure during his employment as a uranium miner, I would remand this matter to the Industrial Commission for a hearing on this issue.

I would set aside the order of the Industrial Commission on its ruling that § 8–60–110(1)(e), C.R.S.1973, acts as a bar to claimant's right to an award and remand for further hearing.