John HADLEY, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO, Department of Labor and Employment, State of Colorado, James Galyean and/or Vanadium Corporation of America and/or Climax Uranium Corp., Inc., and State Compensation Insurance Fund, Respondents.

Roscoe KINSEL, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO, Department of Labor and Employment, State of Colorado, Lark Washburn and/or Vanadium Corporation of America/Foote Mineral, and State Compensation Insurance Fund, Respondents.

Lewis L. YAZZIE, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO, Department of Labor and Employment, State of Colorado, Vanadium Corporation of America and/or Keith and Roy Andress d/b/a Andress Bros., and State Compensation Insurance Fund, Respondents.

Nos. 83CA0227 to 83CA0229.

Colorado Court of Appeals, Div. III.

Jan. 12, 1984.

Robert C. Dawes, P.C., Robert C. Dawes, Durango, for petitioner.

Russell A. Stanley, Denver, for respondents other than the Industrial Com'n of Colorado.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Lehnert, Asst. Atty. Gen., Denver, for Industrial Com'n of Colorado.

TURSI, Judge.

This is a review of three final orders of the Industrial Commission, issued contemporaneously, which have been consolidated for consideration by this court. We set aside the orders denying benefits, and remand with directions.

The individual petitioners, John Hadley, Roscoe Kinsel, and Lewis L. Yazzie, each filed claims for compensation claiming that they suffered disability as a result of the occupational disease of silicosis caused by their employment in uranium mines. The various respondents contested liability. Their primary defense was that the claims had not been timely filed.

Hadley's last exposure was in 1967, his onset of disability was in 1977, and his claim was filed in 1980. Kinsel's last exposure was in 1967, his onset of disability was in 1980, and he filed his claim in 1980. Yazzie's last exposure was in 1964, the onset of his disability was in 1979, and his claim was filed in 1981. The same referee heard the three claims. He entered an award for Hadley, but later denied awards for Kinsel and Yazzie. The Industrial Commission vacated the order in Hadley and affirmed the orders in Kinsel and Yazzie.

The adversely affected parties sought review by the Industrial Commission, which considered the individual claims concurrently. The Commission determined the dispositive issue to be whether the time limitation for filing claims, under the common facts of these cases, was controlled by C.R.S. 1963, 81–18–10(1)(f), which was in effect at the time of last exposure, or by § 8–52–105(3), C.R.S.1973 (1982 Cum.Supp.), which was in effect at the time of the onset of disability.

C.R.S.1963, 81–18–10, provided:

"(1) An employer shall not be liable for compensation or other benefits under the provisions of this article for disability or death resulting from the diseases specified in section 81–18–9 except where the following conditions are shown to exist:

. . . . .

"(f) In the case of disability from silicosis, asbestosis or anthracosis, the disablement has resulted within five years from the date of the employee's last injurious exposure to such disease while actually working for the employer against whom compensation is claimed ...."

This statute of limitation, as part of the Occupational Disease Disability Act, was repealed in 1975. The reenactment incorporated much of the former act but added § 8–52–105(3), C.R.S.1973 (1982 Cum.Supp.) which provides:

"In cases of disability or death resulting from ... asbestosis, silicosis, or anthracosis, the right to compensation and benefits shall be barred unless, within five years after the commencement of disabil-

ity or death, a notice claiming compensation is filed with the division."

In making its determination, the Commission was confronted with two conflicting decisions of this court. These cases are *Tucker v. Claimants in re Death of Gonzales*, 37 Colo.App. 252, 546 P.2d 1271 (1975), *(cert. denied*, March 8, 1976), and *Stark v. Zimmerman*, 638 P.2d 843 (Colo. App.1981).

In *Tucker*, Gonzales died from lung cancer caused by exposure to radioactivity and mining. His last injurious exposure was in 1958 but his disease was not discovered until after his death in 1967. The *Tucker* court stated that the issue was whether the claim was subject to the statutory provisions in effect at the time of his last injurious exposure or whether the law in effect at the time of death was applicable to the claim and to its timeliness.

The law in effect in 1958 provided that, to be compensable, death from the occupational disease had to occur within one year of the last injurious exposure and that claims for benefits by dependents had to be filed within six months after the worker's death. The disability disease act had been amended in 1961 setting no time limitation as to when death must occur following the last injurious exposure and set a three-year time limitation from date of death for the filing of claims by dependents.

The *Tucker* court held that the legislative intent in passing the 1961 amendment was that the new provision was to apply to all cases of disability or death occurring after the effective date of the legislation, regardless of the date when the worker had been last exposed. The court concluded that its ruling was not a retroactive imposition of the amended legislation since the right of dependents to compensation did not accrue either at the time of the exposure, or at the time the occupational disease was actually contracted, but only at the time disability or death occurred. It reasoned that the extent of liability to the employer could not be determined until disability or death occurred. The *Tucker* court finally rejected the contention of the

employer that the law in effect at the time of exposure to the disease governed because such a ruling would result in a right being lost before it had accrued.

In *Stark* a different panel of this court ruled upon a claim for disability benefits based upon the occupational disease of silicosis where the claimant had worked as a miner from 1945 to 1960 and had been exposed to silica dust during that entire period. The diagnosis of Stark's silicosis was made in early July 1972, and claim was filed on March 2, 1978, nearly six years later. *Stark* made no reference to *Tucker* and construed C.R.S.1963, 81–18–10(1)(f), (subsequently renumbered as § 8–60–110(1)(e), C.R.S.1973), as a bar to any claim to disability which did not arise within five years.

Although the Industrial Commission found *Tucker* to contain the better reasoned policy, the majority thought it was bound by the later decision. We agree that the better reasoned policy and interpretation of the workmen's compensation act is contained in *Tucker*, and adopt that reasoning. In doing so, we note that since, in *Stark*, the claim was barred under either § 81–18–10(1)(f) or § 8–52–105(3), much of the discussion was dicta. Further, we note that the reasoning in *Tucker* was approved and applied in *Claimants in re Death of Garner v. Vanadium Corp.*, 194 Colo. 358, 572 P.2d 1205 (1977) (fn 2.) *See also Prescott v. United States*, 523 F.Supp. 918 (D.Nev.1981). Therefore, we hold that the Industrial Commission in reviewing the claims herein, erred in not applying the time limitations provided in § 8–52–105(3).

The orders of the Industrial Commission entered in these matters are set aside and these three claims are remanded to the Commission for further proceedings consistent with the opinion stated herein.

STERNBERG and BABCOCK, JJ., concur.