**REDFIELD SCOPE COMPANY and Royal Globe Insurance Co., Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Josie R. Collins, and Potomac Insurance Co., Respondents.**

**No. 83CA0876.**

Colorado Court of Appeals, Div. IV.

March 29, 1984.

Rehearing Denied April 19, 1984.

Certiorari Granted Oct. 9, 1984.

HODGES, Justice.*

Petitioner Royal Globe Insurance Company seeks review of a final order of the Industrial Commission holding it liable for payment of benefits and medical expenses awarded claimant Josie R. Collins. At issue here is whether Royal Globe or Potomac Insurance Company, the insurer which preceded Royal Globe as insurer of claimant's employer, Redfield Scope Company, was liable for payment of the benefits. The Commission properly found Royal Globe to be liable and, therefore, we affirm its order.

Claimant was employed by Redfield Scope for approximately five years. She worked as a scope assembler, a job which required repeated twisting of her right hand and arm. Eventually the twisting motion began to cause pain in her arm. She first sought medical attention for this on June 14, 1977, and was diagnosed as having tendonitis of the right wrist and shoulder. According to the employer's records, claimant first left work because of this condition on July 21, 1977, and returned on August 2, 1977. She left again on August 11, 1977, and returned on November 21, 1977. She continued to work until February 16, 1978, when she was placed on medical leave. Potomac was the employer's workmen's compensation insurer until January 1, 1978, when Royal Globe became the insurer.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn Aragon, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

Douglas R. Phillips, Denver, for respondent Josie R. Collins.

Vanatta & Halaby, P.C., Bruce B. McCrea, Denver, for respondent Potomac Ins. Co.

Claimant testified that when she returned to work in November 1977 she was assigned to some assembly duties requiring twisting her arm, which caused her pain.

Based on claimant's testimony the referee found, as an evidentiary fact, that during the period from November 1977 to February 1978, she performed work requiring twisting of her arm, which twisting caused her pain. He further found that claimant suffered from bicipital tendonitis of her right arm, a compensable occupational dis-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24-51-607(5), C.R.S. (1982 Repl.Vol. 10).

ease caused by the repeated twisting motions and exertion of pressure with her right hand in assembling scopes. And, based on his interpretation of § 8–51–112(1), C.R.S. (1983 Cum.Supp.), he concluded that Potomac was the liable insurer. That section states, in pertinent part:

"Where compensation is payable for an occupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease and the insurance carrier, if any, on the risk when such employee was last so exposed under such employer shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier."

The Commission reversed the referee's decision insofar as it assigned liability to Potomac. Based on the evidence and the referee's finding that during the period between November 1977 and February 1978 claimant was doing work which required twisting of her arm, the Commission found, in reliance on *Union Carbide Corp. v. Industrial Commission,* 40 Colo.App. 182, 573 P.2d 938 (1977), *aff'd,* 196 Colo. 56, 581 P.2d 734 (1978), that the final seven weeks of claimant's employment, was a "sufficient length of time for injurious exposure to have occurred as a proximate cause of [her] disability from occupational disease ..." Accordingly, the Commission ruled that Royal Globe was liable because it was the insurer at the time of last injurious exposure. We agree with the Commission.

A last injurious exposure need not cause a worsening of condition. Rather, the focus is on the nature of the exposure and whether it was injurious. *See Union Carbide Corp. v. Industrial Commission, supra.*

Where toxic materials are involved, the test for injurious exposure is whether the exposure is to "a *concentration* of toxic material which would be sufficient to cause the disease in the event of prolonged exposure to such concentration." *Climax Uranium Co. v. Claimants in re Death of Smith,* 33 Colo.App. 337, 522 P.2d 134 (1974) (emphasis in original); *see Union*

*Carbide Corp. v. Industrial Commission, supra.* By analogy, here, claimant was exposed after January 1, 1978, to working conditions which after prolonged exposure would cause bicipital tendonitis; hence, the Commission properly found that claimant was last injuriously exposed while Royal Globe was the insurer. *See Tennessee Tufting Co. v. Potter,* 206 Tenn. 620, 336 S.W.2d 539, *as modified on rehearing,* 206 Tenn. 620, 337 S.W.2d 601 (1960).

Also, the Commission's conclusion that claimant was last injuriously exposed during the period of Royal Globe's coverage was based on the evidentiary finding of the referee. *See R & R Well Service Co. v. Industrial Commission,* 658 P.2d 1389 (Colo.App.1983). The Commission thus did not exceed its authority in violation of Colo. Sess.Laws 1981, ch. 86 § 8–53–106(2)(b) at 476, as asserted by Royal Globe. On the contrary, the Commission properly construed the statutory language to find Royal Globe liable based on the findings and evidence presented to the referee.

The Commission's order is affirmed.

ENOCH, C.J., and SILVERSTEIN, J.,* concur.