No. 19,798.

THE COLORADO FUEL AND IRON CORPORATION *v.*
INDUSTRIAL COMMISSION OF COLORADO, ET AL.

(367 P. [2d] 597)

Decided December 11, 1961.

Messrs. WELBORN AND DUFFORD, Mr. ELMER P. COG-BURN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error The Industrial Commission of Colorado.

Messrs. GRAHAM and SCHUENEMANN, for defendant in error Eugene K. Luna.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as the employer, seeks reversal of a judgment of the district court which sustained an award of the Industrial Commission of Colorado.

Defendant in error Luna suffered injuries in an industrial accident, resulting in permanent disability of two and one-half per cent as a working unit. The employer does not dispute the right of Luna to receive compensation for a two and one-half per cent permanent partial disability to which he is entitled under the law, but counsel make the following statement in their brief:

"* * * The entire controversy relates to the use of the statutory Mortality Table in determining the life expectancy of the claimant and the resulting amount of the award."

On the date of the accident resulting in Luna's disability (February 6, 1959) the statutory mortality table (C.R.S. '53, 52-1-3) gave Luna a life expectancy of 35.15 years. Subsequent to the date of the accident, but prior to the date upon which the determination of permanent disability was made, Chapter 45, Session Laws 1960, became effective and supplanted the mortality table theretofore existing. Under this new act Luna's life expectancy was increased to 38.51 years. In determining his life expectancy the Industrial Commission used the mortality table set forth in Chapter 45, Session Laws 1960. The difference in Luna's life expectancy computed on the basis of the new table rather than the one recognized at the time of the accident, is 3.36 years.

The question is whether, under these circumstances, the Commission should use the mortality table recog-

nized by statute at the time the determination of permanent disability was made, or that recognized by statute at the time the injury occurred.

Counsel for the employer contend that its liability under the Workmen's Compensation Act became fixed as of the date of the injury, and that the use of the subsequently approved table constituted a retroactive application of the statute in violation of Article II, section 11 and Article XV, section 12, of the Constitution of Colorado. The section first mentioned prohibits the enactment of any law "retrospective in its operation." The latter section provides that:

"The general assembly shall pass no law for the benefit of * * * any individual or association of individuals, retrospective in its operation. * * * " It is also argued that the use of the later table violated C.R.S. '53, 135-1-7, which contains language of somewhat similar import. In pertinent part the statute provides that:

"The repeal, revision, amendment or consolidation of any statute * * * shall not have the effect to * * * alter, modify or change in whole or in part any * * * liability, * * * which shall have been incurred under such statute * * *," unless expressly so provided.

C.R.S. '53, 52-1-2 was effective at all times pertinent hereto and provides as follows:

"In all civil actions, special proceedings or other modes of litigation in courts of justice or before referees or other persons having power and authority to receive evidence, whenever it shall be necessary to establish the expectancy of continued life of any person from any period of such person's life, whether he be living at the time or not, the table set out in section 52-1-3 shall be received as evidence, together with other evidence as to health, constitution, habits and occupation of such person of such expectancy."

From this language it is certain that the mortality table which has legislative recognition at any given time, is only evidence to be considered along with any

other pertinent matter which may be considered as bearing upon the life expectancy of the person whose rights are being adjudicated. The mortality table is not conclusive on the question of life expectancy. The table does not fix the liability of the employer. It is nothing more than evidence of life expectancy, and under certain circumstances it might be wholly disregarded by the agency whose duty it is to determine "life expectancy" in a given case.

The Workmen's Compensation Law, C.R.S. '53, 81-12-9, as amended, provides in pertinent part:

"Where an accident causes injury resulting in permanent partial disability * * * the injured employee shall be deemed to be permanently disabled from the time he is so declared by the commission and from said time shall be entitled to compensation for permanent partial disability in addition to any compensation theretofore allowed. In determining permanent partial disability the commission shall ascertain in terms of percentage the extent of general permanent disability which the accident has caused, taking into consideration not only the manifest weight of the evidence, but the general physical condition and mental training, ability, former employment and education of the injured employee. The commission shall *then* determine the injured employee's expectancy of life from recognized expectancy tables and such other evidence relating to his expectancy as may be presented; * * *." (Emphasis supplied.)

In *Industrial Commission v. Big Six Co.,* 72 Colo. 377, 211 P. 361, it was held that the Commission may "of its own volition, and without formal introduction by either party, or by itself, make use of the Colorado expectancy table or of other 'recognized expectancy tables.'" See also *Karoly v. Industrial Commission,* 65 Colo. 239, 176 Pac. 284.

Therefore *after* the Commission has determined the percentage of general permanent disability, it is *then* authorized to determine from a "recognized expect-

ancy table" the life expectancy of the claimant. Where no other evidence relating to expectancy has been presented and where the legislature itself has designated the "recognized" table, then that table must be used in the form in which it appears at the time of its use.

We hold that under the applicable statutes the Commission was required on May 16, 1960, when it determined claimant's disability and his life expectancy, to use the table provided by the legislature at that time, such table being the only evidence before it which could properly be considered in making the determination.

The judgment is affirmed,

MR. JUSTICE PRINGLE not participating.