Angela K. De JIACOMO, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Hyland Hills Recreation District, and Colorado Compensation Insurance Authority, Respondents.

No. 90CA1083.

Colorado Court of Appeals,
Div. II.

March 14, 1991.

Rehearing Denied April 11, 1991.

Certiorari Denied Oct. 7, 1991.

Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Joseph M. Goldhammer, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Colorado Compensation Ins. Authority, Paul Tochtrop, Denver, for respondents Hyland Hills Recreation Dist. and Colorado Compensation Ins. Authority.

Opinion by Judge JONES.

The claimant, Angela De Jiacomo, a minor, appeals an order of the Industrial Claim Appeals Office (Panel) holding that § 8–42–102(4), C.R.S. (1990 Cum.Supp.), the statute applicable to injured minors, is inapplicable to the computation of her permanent partial disability benefits. We set aside the order.

Claimant was 16 years old when, on August 31, 1986, while in the employ of respondent Hyland Hills Recreation District as a lifeguard, she suffered a work related knee injury. The injury ultimately led to a 6% permanent partial disability rating for claimant as a whole person.

During the ensuing Workers' Compensation proceeding, the Panel affirmed the determination of an Administrative Law Judge (ALJ) that claimant was entitled to a total award of $15,095 payable at the rate of $84 per week. The ALJ's determination was based, in part, on her conclusion that § 8–47–101(5), C.R.S. (1986 Repl.Vol. 3B), which sets forth the method of calculating compensation for minors who have temporary or permanent disabilities, did not apply to permanent partial disability cases. This appeal followed.

I.

■ Claimant contends the Panel erred in determining that § 8–42–102(4) applies only to permanent total disability benefits and that that statute has no application to benefits for permanent partial disability. We agree with claimant.

In *Mills v. Guido's*, 800 P.2d 1370 (Colo. App.1990), a division of this court held that the special protection afforded to permanently disabled minors under § 8–42–102(4) applies to the computation of *both* total and partial permanent disability benefits. Here, as in *Mills*, the Panel computed claimant's benefits based upon the fixed compensation rate in effect at the time of her injury under § 8–42–110(1)(b), C.R.S. (1990 Cum.Supp.), rather than the increased rate in effect at the determination of her permanency as required by § 8–42–102(4). Therefore, the Panel's calculation is erroneous as a matter of law and cannot stand.

II.

■ Claimant next contends that the holding in *Mills* should be extended by construing § 8–42–102(4) to require that permanently partially disabled minors be compensated at the "maximum rate of compensation" under the Workers' Compensation Act. Claimant, thus, argues that permanent partial disability benefits for minors should be computed at the maximum weekly compensation rate under § 8–42–105, C.R.S. (1990 Cum.Supp.), rather than the fixed rate applicable to permanent partial disability under § 8–42–110(1)(b). We reject this construction, but, nevertheless, remand this matter for recalculation of claimant's award.

The court in *Mills, supra,* recognized the distinctive compensation needs of permanently disabled minors. Because minors frequently work part-time and at wages often substantially lower than those of adult workers, it would be inequitable to base their permanent disability benefits upon their wage earnings at the time of injury. Accordingly, § 8–42–102(4) provides that permanent disability benefits for minors shall be computed "at the maximum rate of compensation payable" under the Workers' Compensation Act. Specifically, it states:

> "Where an employee is a minor and ... the disability of such minor is permanent ... compensation to said minor ... shall be paid *at the maximum rate of compensation payable under said articles* at the time of the determination of such permanency or of such death." (emphasis added).

However, there is no "maximum rate of compensation" under the present statutory scheme for permanent partial disability benefits. Rather, benefits under § 8–42–110(1)(b) are computed utilizing a standard fixed rate, regardless of the claimant's average weekly wage. Under this formulation, once a partial disability rating is determined, § 8–42–110(1)(b) provides, in relevant part, as follows:

> "The director shall then ascertain the total amount which said employee would receive during the balance of said employee's expectancy *at the compensation rate of one hundred twenty dollars per week* and shall then take that percentage of the total sum so arrived at as is indicated by the percentage of general permanent disability found to exist in the manner as set forth in this article, *not to exceed in any event the aggregate sum of thirty-seven thousand five hundred sixty dollars,* said sum to be paid at a weekly rate of not more than one hundred twenty dollars." (emphasis added)

Thus, because § 8–42–110(1)(b) compensates all workers with permanent partial disabilities at the same fixed rate, there is no inherent or structural disparity between adults and minors as might otherwise exist under a weekly wage computation.

In contrast to the present statutory scheme, when the protective provision applicable to minors was originally enacted in 1943, *see* Colo.Sess.Laws 1943, ch. 132 at 419, both total *and partial* permanent disability awards were determined based upon a claimant's average weekly wage. *See* CSA, C. 97, §§ 350, 356 and 357. However, in 1973, the General Assembly adopted the present fixed rate formula for permanent partial disability awards. *See* Colo.Sess. Laws 1973, ch. 271 at 947–948; *Mills v. Guido's, supra.* As a result, there is an inconsistency between the mandate under § 8–42–102(4) to compensate disabled minors at the "maximum rate of compensation" and the General Assembly's subsequent adoption of a fixed rate formula for permanent partial disability under § 8–42–110(1)(b).

When apparent conflict exists between two statutory sections, a court must attempt to harmonize the statutes in order to give effect to both statutes. *Ortega v. Industrial Commission,* 682 P.2d 511 (Colo.App.1984). To the extent the statutes cannot be harmonized, the statute enacted last in time controls. *Peterson v. Kester,* 791 P.2d 1185 (Colo.App.1989).

In this case, claimant's proposed construction of § 8–42–102(4) would conflict with the legislative intent of awarding compensation for permanent partial disability on a fixed rate basis. We recognize that the protection afforded to permanently injured minors under § 8–42–102(4) serves important policy considerations. *See Mills v. Guido's, supra.* Nevertheless, the compensation formula under § 8–42–110(1)(b) eliminates the disparity between adult and minor workers, and we conclude that the decision to provide an alternate compensation formula for minors with permanent partial disabilities is a decision which should be left to the General Assembly. *See Lucero v. Climax Molybdenum Co.,* 732 P.2d 642 (Colo.1987).

Thus, to give effect to both statutes, we hold that if a minor is rendered permanently and partially disabled, the more recent

statute, § 8–42–110(1)(b), controls the computation of disability benefits. However, as required by § 8–42–102(4), benefits are to be computed based upon the rate of compensation in effect upon the date permanent disability is established, rather than upon the rate in effect on the date of injury.

The Panel's order is set aside, and the cause is remanded with directions that the amount of claimant's benefits be recalculated based upon the existing record.

SMITH and RULAND, JJ., concur.