**Lawrence D. HORTON, Petitioner,**

v.

**GOLDEN ANIMAL HOSPITAL and Colorado Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 93CA0536.

Colorado Court of Appeals, Div. III.

April 21, 1994.

Rehearing Denied May 19, 1994.

Certiorari Granted Sept. 12, 1994.

460

Eley & Eley, Craig C. Eley, Denver, for petitioner.

Paul Tochtrop, Douglas A. Thomas, Denver, for respondents Golden Animal Hosp. and Colorado Compensation Ins. Authority.

No appearance for respondent Industrial Claim Appeals Office.

Opinion by Judge DAVIDSON.

In this workers' compensation proceeding, the sole issue on review is whether the Industrial Claim Appeals Panel erred in reducing the permanent disability award of claimant, Lawrence D. Horton, under the statute governing compensation of permanently disabled minors, § 8–42–102(4), C.R.S. (1993 Cum.Supp.). We set aside the order.

The relevant facts are undisputed. Claimant suffered an admitted work injury to his head in November 1983, when he was 18 years old. As a result of the injury, a shunt was implanted in the base of claimant's skull to allow excess spinal fluid to be drained away from the brain. Claimant continues to suffer from shunt blockages, which are potentially life threatening.

Claimant reached maximum medical improvement (MMI) in March 1987, when he was 21 years old. For reasons undisclosed by the record, a hearing on permanent disability benefits was not held until August 1992, more than five years after the claimant had reached MMI. The ALJ found that claimant was 5% permanently impaired and granted a lump sum award of $11,968.32, based on the maximum permanent partial disability rate in effect in March 1987, when claimant reached MMI.

Claimant contested this computation, contending that the award should be based on the maximum rate in effect in August 1992, at the time of the administrative hearing. The ALJ agreed and issued a corrected order increasing the lump sum award to $32,-

411.35. On review, the Panel set aside the ALJ's corrected order and reinstated the ALJ's original order.

Claimant argues that the Panel erred in ordering the original order reinstated. We agree.

In recognition of the special compensation needs of injured minors, *see Mills v. Guido's,* 800 P.2d 1370 (Colo.App.1990), § 8–42–102(4) provides that compensation benefits for permanently disabled minors shall be computed at the "maximum rate of compensation payable ... at the time of the determination of such permanency."

The Panel construed the phrase "at the time of the determination of such permanency" to mean "the date upon which permanent disability is 'determinable.'" The Panel reasoned that this interpretation was consistent with the overall statutory scheme in that the date of maximum medical improvement is generally the point at which temporary benefits cease and the extent of permanent disability is assessed and permanent disability is awarded. *See Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo.1989); *Reynolds v. Industrial Claim Appeals Office,* 794 P.2d 1080 (Colo.App.1990).

We disagree with the Panel's analysis.

 In construing a statute, words and phrases must be given effect according to their plain and ordinary meaning. *Husson v. Meeker,* 812 P.2d 731 (Colo.App.1991). If the statute is susceptible of more than one interpretation, the court must rely on principles of statutory construction, taking into account the nature of the problem addressed by the legislation and the consequences of a particular construction. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *Eckhardt v. Village Inn,* 826 P.2d 855 (Colo.1992).

In our view, the phrase "at the time of the determination of such permanency" refers to the date on which permanent disability is adjudicated. The word "determine" means to decide, to adjudicate, to come to a decision, to decide upon an investigation, or to perform a judicial act. *City of Colorado Springs v. Timberlane Associates,* 783 P.2d 287 (Colo.1989).

The phrase "at the time of the determination of such permanency" was part of the original predecessor statute to § 8–42–102(4), *see* Colo.Sess.Laws 1943, ch. 132, at 419, and this language has remained unchanged since its adoption in 1943, despite numerous amendments and changes to other provisions of the Workers' Compensation Act.

Furthermore, the phrase "at the time of the determination of such permanency" predates any statutory reference to maximum medical improvement, which latter term did not appear in the Workers' Compensation Act until it was codified in 1991 at Colo.Sess. Laws 1991, ch. 219, §§ 8–40–201(11.5) & 8–42–107(8) at 1293 and 1309. *See also Allee v. Contractors, Inc., supra* (fn. 6). Hence, we agree with claimant that, since "maximum medical improvement" did not exist in the relevant law in 1943 when the phrase at issue was first adopted, the General Assembly could not have intended for a "determination" of permanent disability to be linked to the date of maximum medical improvement.

Significantly, the statute in question was never included under the statutory provisions governing permanent disability benefits. Rather, from the time of its adoption in 1943, § 8–42–102(4) has been codified under that section of the Act which establishes the proper basis for computing compensation, entitled, "Basis of compensation—wages defined—average weekly wage."

Section 8–42–102(4) was adopted as an express exception to the general rule requiring benefits to be computed based on a claimant's actual earnings. In enacting that exception, the obvious intent of the General Assembly was to provide additional protection for permanently disabled minors by insuring that their benefits would be computed at the "maximum rate payable" irrespective of the disabled minor's actual earnings. *Mills v. Guido's, supra; see also De Jiacomo v. Industrial Claim Appeals Office,* 817 P.2d 552 (Colo.App.1991). Consistent with this purpose, the General Assembly could reasonably establish the "maximum rate" as the rate in effect on the date that an injured minor's permanent disability benefits are "determined" or adjudicated. *See C.F. & I.*

**462**

*Corp. v. Industrial Commission,* 148 Colo. 557, 367 P.2d 597 (1961).

The Panel's rationale of establishing benefits for permanently disabled minors consistent with the scheme for determining adult benefits disregards the legislative policy of applying a special rule in computing awards for permanently disabled minors.

We also disagree that our holding in *Mills v. Guido's, supra,* requires a contrary result. Unlike this case, in *Mills* whether the maximum compensation rate had changed between the date of MMI and the date of hearing was apparently not an issue, and, consequently, there was no dispute over the meaning of the phrase "the time of the determination of such permanency" as there is here.

We also reject the respondents' argument that our holding will encourage disabled minors intentionally to delay hearings in order to secure increased benefits. Hearings on permanent disability can be requested at *any time* by *any party.* See § 8–43–207, C.R.S. (1993 Cum.Supp.).

■ We conclude that the ALJ correctly determined benefits based on the maximum rate in effect at the time of the administrative hearing, and the Panel erred in setting aside the ALJ's corrected order.

## II.

■ In support of the Panel's order, the respondent employer and insurer argue that the ALJ erred in applying only the maximum rate in effect on the date of determination, rather than the entire mechanism under the statute now codified at § 8–42–107(8)(d), C.R.S. (1993 Cum.Supp.). We perceive no error.

Prior to the permanency hearing in this case, the General Assembly repealed the law governing permanent partial disability and replaced it with a formula under Colo.Sess. Laws 1991, ch. 219, § 8–42–107(8)(d), at 1310, for "permanent medical impairment."

However, the General Assembly made no corresponding change to § 8–42–102(4), the law governing compensation of permanently disabled minors, nor did the General Assembly make any provision for application of the formula under § 8–42–107(8)(d) to disability awards under § 8–42–102(4).

As a general rule, a special or specific statute prevails over a general statute unless the general statute was enacted later in time and the General Assembly expressly and unequivocally intended for the general statute to control. *Climax Molybdenum Co. v. Walter,* 812 P.2d 1168 (Colo.1991).

Here, in the absence of a clear legislative directive, we conclude that the compensation scheme for permanently disabled minors under § 8–42–102(4) must take precedence over the general compensation scheme for adults under § 8–42–107(8)(d). This is particularly so in view of the long-standing public policy of affording special protections to permanently disabled minors. *Mills v. Guido's, supra.*

Pursuant to § 8–47–106, C.R.S. (1993 Cum. Supp.), the state average weekly wage was established at $454.97 at the time of the permanency hearing in this case. Taking into account both § 8–42–102(4) and § 8–47–106, we conclude that the ALJ properly computed the claimant's permanent disability award in her corrected order of October 6, 1992.

The Panel's order is therefore set aside, and the cause is remanded with directions to reinstate the ALJ's corrected order.

CRISWELL and TAUBMAN, JJ., concur.