### BROADMOOR HOTEL AND CONTINENTAL INSURANCE COMPANY, Petitioners,

v.

### The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Laura Stinson, Respondents.

No. 96CA0104.

Colorado Court of Appeals, Div. II.

Aug. 22, 1996.

Rehearing Denied Sept. 26, 1996.

Certiorari Denied July 14, 1997.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.)

Ritsema & Lyon, P.C., Karl A. Schulz, Colorado Springs, for Petitioners.

No appearance for Respondent Industrial Claim Appeals Office of the State of Colorado.

Gerlach & Weddell, P.C., Dale A. Gerlach, Colorado Springs, for Respondent Laura Stinson.

Opinion by Judge MARQUEZ.

In this workers' compensation case, petitioners, Broadmoor Hotel and Continental Insurance Company, seek review of a final order of the Industrial Claim Appeals Panel which calculated the medical impairment benefits awarded to Laura Stinson (claimant) based upon claimant's wages from concurrent employment. We affirm.

This case was submitted to the Administrative Law Judge (ALJ) for a ruling on the issues of average weekly wage and permanent partial disability based upon stipulated facts.

Claimant was concurrently employed by the Broadmoor and the United States Army when she injured her neck and back on August 24, 1993, while working for the Broadmoor. As a result of her injuries, claimant lost time from work at the Broadmoor, but continued to receive her regular wages from the Army. The parties stipulated that her average weekly wage from the Broadmoor was $88.11 and $425.65 from the Army. Petitioners admitted liability for four days of temporary total disability benefits based upon claimant's wages from the Broadmoor.

In resolving the issues, the ALJ made the following findings. Claimant reached maximum medical improvement in July 1994, and her treating physician permanently restricted her to sedentary work. These restrictions severely limited the types of jobs that claimant was able to perform and she was not able to return to her position at the Broadmoor. In addition, although the permanent restrictions would not have forced her out of the Army, they would have impacted claimant's career in the Army because they would have limited her advancement possibilities.

The ALJ also determined that claimant suffered permanent impairment of 27% to the whole body. She also found that claimant had consistently worked two jobs for the fifteen years preceding her injury and that claimant was used to having the income that two jobs produced. Therefore, the ALJ concluded that to determine a fair average weekly wage, the wages from both the Broadmoor and the Army should be combined. Thus, the ALJ calculated claimant's average week-

ly wage by combining the weekly earnings from both the Broadmoor and the Army and determined that her average weekly wage was $513.80 per week. On review, the Panel affirmed.

I.

■ Petitioners contend that the Panel erred in considering wages from concurrent employment to determine the "temporary total disability rate" for calculation of claimant's medical impairment when she suffered no temporary wage loss from the concurrent employment. We disagree.

Pursuant to § 8–42–107(8)(d), C.R.S. (1995 Cum.Supp.), medical impairment benefits are calculated by multiplying the medical impairment rating by an age factor and by 400 weeks, and such benefits are to be determined at the "temporary total disability rate" specified in § 8–42–105, C.R.S. (1995 Cum. Supp.).

■ The "temporary total disability rate" under § 8–42–105(1) is sixty-six and two-thirds percent of a claimant's average weekly wage. Average weekly wage is calculated pursuant to § 8–42–102, C.R.S. (1995 Cum. Supp.) and varies depending upon differences in the frequency and manner of payments. When a worker is concurrently employed, the ALJ may, in order to achieve fairness, include all such wages in the computation of average weekly wage. *Jefferson County Public Schools v. Dragoo,* 765 P.2d 636 (Colo. App.1988); *St. Mary's Church & Mission v. Industrial Commission,* 735 P.2d 902 (Colo. App.1986).

Petitioners do not dispute these rules. However, petitioners in essence equate the temporary total disability rate to be applied in determining medical impairment with the actual receipt of temporary total disability benefits. Thus, because the claimant here received temporary total disability benefits based solely upon her wages from the Broadmoor, petitioners reason that claimant's medical impairment benefits may only be calculated upon the wages from the Broadmoor.

However, the determination of a claimant's average weekly wage is based upon the claimant's wages at the time of the injury. Section 8–40–201(19)(a), C.R.S. (1995 Cum.

Supp.); *Campbell v. IBM Corp.*, 867 P.2d 77 (Colo.App.1993). Furthermore, § 8–42–107(8) does not restrict the calculation of medical impairment benefits to claimants who actually receive temporary total disability benefits. Nor does it restrict the calculation to the actual amount of the temporary total disability benefits awarded.

■ Thus, we conclude that § 8–42–107(8) requires that payment of medical impairment benefits be based upon the temporary total disability *rate* that claimant would have received if the claimant had been temporarily and totally disabled for more than three working days, even if the claimant had not lost any wages and had not actually received temporary disability benefits. Accordingly, the ALJ here properly calculated claimant's medical impairment based upon a temporary total disability rate that included her wages from both the Broadmoor and from the Army.

■ This conclusion is reasonable and fair because there is a qualitative difference in the nature of awards for permanent and temporary disability payments. Permanent disability benefits compensate a worker for a permanent loss of future earning capacity; in contrast, temporary disability benefits compensate a worker for actual lost earnings. *Mesa Manor v. Industrial Claim Appeals Office*, 881 P.2d 443 (Colo.App.1994). Similarly, medical impairment benefits are designed to compensate a worker for lost earning capacity. *Waymire v. Industrial Claim Appeals Office*, 924 P.2d 1168 (Colo.App. 1996).

In addition, a contrary conclusion would lead to the anomalous result that similarly situated workers with the same degree of permanent impairment would be awarded differing amounts of medical impairment benefits solely because the amount of temporary disability each has been awarded differed.

We agree with the Panel that petitioners' additional arguments do not alter this conclusion. Nor does the reliance upon cases from other jurisdictions require a different result.

## II.

■ Petitioners also assert that the earnings that claimant had received from the Army do not constitute wages under the Workers' Compensation Act. We reject this argument.

Petitioners argue that they raised this issue in their brief in support of their petition to review the ALJ's order and thus preserved it for review and that the ALJ should have issued a supplementary order. We disagree.

■ Under § 8–43–301(4), C.R.S. (1995 Cum.Supp.), the ALJ has thirty days after all briefs are filed to enter a supplemental order *or* to transmit the file to the Panel for review. Section 8–43–301(5), C.R.S. (1995 Cum.Supp.) provides that, in ruling on a petition to review, the ALJ *may* issue a supplemental order, labeled as such, limited to the matters raised in the petition to review. Thus, the issuance of a supplemental order is discretionary.

Here, although the application for hearing and notice to set provide that among the issues to be considered at the hearing were average weekly wage, "multiple employers" and "improper computation," as pertinent here, the parties nevertheless stipulated to the following facts:

2. On August 24, 1993, the Claimant was also employed by the United States Army on a full time basis. The Claimant had been in the U.S. Army for 19 years. The Claimant's average weekly wage from the U.S. Army was $425.65.

.    .    .    .    .

6. During the period of temporary total disability the Claimant continued to receive her regular wages from the U.S. Army.

Thus, the stipulated facts indicate that whether earnings from the Army constituted wages was not an issue to be decided by the ALJ.

Although petitioners on appeal refer to a proposed order that they submitted to the ALJ, that proposed order is not part of the record on appeal. The petition to review does assert that it is highly questionable whether earnings from the military should be considered wages under the Workers' Compensation Act. We therefore conclude, from

the record before us, that this was the first time this issue was presented.

■ Even if we assume that a broad reading of § 8–43–301(5) allows the ALJ to issue a supplemental order on any matters raised in the petition to review, under the circumstances here, we conclude that the ALJ did not abuse her discretion when she declined to issue a supplemental order on this question. In our view, it is not an abuse of discretion for an ALJ to decline to issue a supplemental order when a party represents that a fact is uncontested, awaits the outcome of the ALJ's order, and then presents a question for the first time in a petition for review. *See T & T Loveland Chinchilla Ranch, Inc. v. Bourn*, 178 Colo. 65, 495 P.2d 546 (1972) (allegation of denial of procedural due process first made in petition to review supplemental order deemed waived).

Order affirmed.

PLANK and NEY, JJ., concur.