**George WILLIAMS, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO, Black Roofing and Colorado Compensation Insurance Authority, Respondents.**

No. 96CA0729.

Colorado Court of Appeals,
Div. III.

Jan. 23, 1997.*

Roger Fraley, Jr., Denver, for Petitioner.

Laurie A Schoder, Denver, for Respondent Black Roofing.

\* Opinion previously announced as non–published December 19, 1996 is now selected for official publication.

Opinion by Judge JONES.

In this workers' compensation case, George Williams (claimant) seeks review of a final order of the Industrial Claim Appeals Panel which affirmed an order of the Administrative Law Judge (ALJ) awarding claimant permanent partial disability benefits of $3,588 based upon an 11.5% scheduled injury. We affirm.

Claimant was a minor on March 6, 1992, when he suffered a compensable injury to his hip. The primary care physician rated claimant's impairment as 11.5% of the lower extremity, and respondents admitted liability for the payment of scheduled disability benefits in the amount of $3,588, payable at the rate of $150 per week, pursuant to §§ 8–42–107(2)(w) and 8–42–107(6), C.R.S. (1996 Cum. Supp.). The ALJ computed the total benefits by multiplying the claimant's 11.5% impairment by 208 weeks, as provided in § 8–42–107(2)(w), and multiplying that number by $150 per week, as provided in § 8–42–107(6).

The sole issue on appeal is the proper calculation of a minor's permanent partial disability benefits.

Claimant contends that the ALJ's computation here is contrary to the procedure in § 8–42–102(4), C.R.S. (1996 Cum.Supp.). That statute provides that, when a claimant who was a minor at the time of an industrial injury sustains a permanent disability, benefits for permanent disability "shall be paid at the maximum rate of compensation payable under said articles."

Based on that provision, claimant argues that the quoted phrase means that he is entitled to permanent partial disability benefits in the amount of $31,200, which represents the maximum aggregate amount payable for a scheduled injury that is compensated under § 8–42–107(2)(w) (loss of a leg at the hip joint or so near thereto as to preclude the use of an artificial limb).

Alternatively, claimant argues that a minor with a permanent scheduled injury should have permanent disability benefits converted to a whole person impairment rating and be

compensated under § 8–42–107(8), C.R.S. (1996 Cum. Supp). We disagree with both arguments.

Section 8–42–102(4) was enacted to address the disparity created between young workers and adults when an injured worker's disability benefits are calculated from the injured worker's average weekly wage. It was the result of recognition by the General Assembly that minors generally earn less than adults, and that a minor's permanent disability extends over a longer working life than that of disabled adults. *De Jiacomo v. Industrial Claim Appeals Office,* 817 P.2d 552 (Colo.App.1991).

*De Jiacomo* resolved the meaning of the phrase at issue here under the former permanent partial disability benefits statute, which was repealed and reenacted effective July 1, 1991, effective as to injuries occurring on or after that date. *See* Colo. Sess. Laws 1991, ch. 219, § 8–42–110 at 1312, 1342. There, a division of this court determined that because permanent partial disability benefits are computed using a standard fixed rate, there is no "maximum rate of compensation" under the former statutory scheme. The division also held that, because former § 8–42–110 compensates all workers with permanent partial disabilities at the same fixed rate, there is no inherent or structural disparity between adults and minors as might otherwise exist under a weekly wage computation.

Although an apparent inconsistency existed between § 8–42–102(4) and former § 8–42–110, the division in *De Jiacomo* concluded that, inasmuch as former § 8–42–110 was enacted last in time, such provision controlled to the extent that the statutes could not be harmonized. The division also concluded that the claimant's proposed construction of § 8–42–102(4) would conflict with the legislative intent of awarding compensation for permanent partial disability on a fixed rate basis.

In 1991, former § 8–42–110 was repealed, and § 8–42–107, C.R.S. (1996 Cum.Supp.) was modified to provide benefits for permanent partial disability. The General Assembly did not except minors' injuries from the effective date of the 1991 revisions of the Workers' Compensation Act. For us to do so here would amount to judicial legislation. *Golden Animal Hospital v. Horton,* 897 P.2d 833 (Colo.1995).

Because § 8–42–107(6) has provided for the singular compensation rate of $150 per week for all scheduled disabilities even before the 1991 amendments, the ALJ and the Panel concluded that *De Jiacomo* was dispositive of claimant's arguments. They rejected the assertion that claimant was entitled to benefits equal to the maximum amount payable for the impairment of a lower extremity. We agree with this analysis.

Since § 8–42–107(6) provides for a fixed rate of compensation for all scheduled disabilities, there is no disparity between the benefits paid to minors and to adults because both are paid at the same rate. Thus, we reject claimant's argument that § 8–42–104(4) entitles him to the aggregate amount of benefits allowed by statute. *See De Jiacomo v. Industrial Claim Appeals Office, supra.* Furthermore, § 8–42–102(4) does not require that all minors be treated the same.

Finally, to construe § 8–42–102(4) as requiring minors with both scheduled and non-scheduled injuries to be compensated under § 8–42–107(8) would contravene the express provisions of § 8–42–107(2). This we may not do. *See Golden Animal Hospital v. Horton, supra.*

The order is affirmed.

ROTHENBERG and BRIGGS, JJ., concur.