**Rene TORRES, Petitioner,**

v.

**CANAM INDUSTRIES, INC., Colorado Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 96CA1514.**

Colorado Court of Appeals,
Div. IV.

July 10, 1997.

Goldstein & Dodge, Jeffrey A. Goldstein, Denver, for Petitioner.

Laurie A. Schoder, Denver, for Respondents Canam Industries, Inc., and Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROY.

Rene Torres (claimant), who was a minor at the time of his injury, petitions for review of a final order of the Industrial Claim Appeals Office which denied his request for permanent partial disability benefits based on his degree of medical impairment as a whole person as determined using the *American Medical Association Guides to the Evaluation of Permanent Impairment* (3rd ed. 1990) (AMA Guides) using the maximum rates. He also challenges the constitutionality of the schedule of disabilities in § 8–42–107(2), C.R.S. (1996 Cum.Supp.) of the Workers' Compensation Act (Act), as applied to minors with injuries to the extremities. A "minor" is a person who has not attained the age of twenty-one years. § 2–4–401(6) C.R.S. (1980 Repl.Vol. 1B). We affirm the order of the Panel and find no constitutional infirmity.

The operative facts are undisputed. Claimant was 20 years old when his right index finger was amputated while working for Canam Industries, Inc., (employer) who was insured by the Colorado Compensation Insurance Authority (CCIA).

The treating physician assessed claimant's medical impairment as 24% of the right hand, which converted to a 13% whole person impairment using the AMA Guides in accordance with § 8–42–107(8), C.R.S. (1996 Cum. Supp.), as an unscheduled injury. The CCIA admitted liability for permanent partial disability benefits in the amount of $3,744 based on a 24% loss of the hand below the wrist, as set forth at § 8–42–107(2)(c), C.R.S. (1996 Cum.Supp.), as a scheduled injury.

Claimant requested benefits at the higher rate provided for a whole person rating under § 8–42–107(8)(d), C.R.S. (1996 Cum. Supp.), which he asserts would amount to $40,459. This request was premised on his reading of § 8–42–102(4), C.R.S. (1996 Cum. Supp.). The Administrative Law Judge (ALJ) denied this request, thereby upholding the CCIA's admission for $3,744. The Panel affirmed, and also rejected claimant's alternative argument that he was entitled to a scheduled award based on a 100% impairment, rather than the 24% impairment found by the treating physician.

## I.

Claimant contends that application of the minors' statute, § 8–42–102(4), entitles him to increased benefits. We disagree.

Section 8–42–102(4) provides, in pertinent part, that where the disability of a minor is permanent, compensation "shall be paid at the maximum rate of compensation payable under [the Act]. . . ."

A division of this court in *Williams v. Industrial Claim Appeals Office*, 932 P.2d 869 (Colo.App.1997) recently addressed this issue and rejected the argument that a minor claimant is entitled to benefits equal to the maximum amount payable for an extremity impairment or, alternatively, to benefits based upon a whole person impairment.

The division in *Williams* noted that *De Jiacomo v. Industrial Claim Appeals Office*, 817 P.2d 552 (Colo.App.1991) resolved the inconsistency between the minors' statute and the former permanent partial disability statute. The *De Jiacomo* division concluded that, because permanent partial disabilities under the former statute were compensated using a standard fixed rate, there was no "maximum rate of compensation" under the former statutory scheme. Thus, no disparity existed between the benefits payable to adult and minor workers under the flat rate method of compensation, as might otherwise exist under a weekly wage computation.

The division in *Williams* extended the reasoning of *De Jiacomo* to apply to the current statute governing compensation for permanent partial disabilities. Accordingly, a minor claimant with a scheduled injury is entitled to the same benefits as an adult with the same scheduled injury and is not entitled to benefits based on a whole person impairment.

We are persuaded by the rationale and analysis in *Williams v. Industrial Claim Appeals Office,* and choose to follow it. Therefore, we find no error.

## II.

██ Claimant contends next that application of the schedule of disabilities in § 8–42–107(2) to minors with scheduled injuries denies those minors the equal protection guarantees of the Fourteenth Amendment and Article II, Section 25 of the Colorado Constitution. Claimant argues that minors with scheduled injuries are treated disparately because they receive lesser benefits than minors with whole person injuries. We disagree.

There have been three unsuccessful equal protection challenges to the Workers' Compensation Act subsequent to the 1991 amendments. *Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo.1994) (disparate permanent partial disability benefits based on scheduled and non-scheduled injuries); *Christie v. Coors Transportation Co.,* 933 P.2d 1330 (Colo.1997) (different income standard for initial determination of permanent total disability and for reopening issue of permanent total disability, different standard for permanent total disability depending on whether Subsequent Injury Fund (now repealed) is involved); and *Colorado AFL–CIO v. Donlon,* 914 P.2d 396 (Colo.App.1995) (disparate temporary partial disability benefits based on scheduled and non-scheduled benefits (*Duran* ), and disparate caps on total of disability benefits depending on percentage of impairment).

In *Duran,* the supreme court determined that the line drawn between claimants with extremity (scheduled) impairments versus whole person (non-scheduled) impairments did not violate equal protection guarantees for purposes of determining permanent partial disability benefits.

Claimant argues that *Duran* is inapplicable because it did not examine the statutory goal of affording minors special treatment. Claimant further argues that *Duran* is distinguishable because the disparity in benefits between minors with scheduled injuries and minors with unscheduled injuries is much greater because the minor with an unscheduled injury is entitled to the maximum benefit even though the resulting disability may be low.

While we agree that the disparity in benefits is greater between minors similarly situated than between adults similarly situated, we view *Duran* as dispositive of claimant's equal protection argument. As the supreme court observed in *Duran:* "What greater rational reason is there for awarding different benefits for injuries than a differentiation based on the relative severity of those injuries?" *Duran v. Industrial Claim Appeals Office, supra,* 883 P.2d at 483.

Because this reasoning applies equally to minors and to adults, we perceive no violation of the equal protection guarantees.

The order of the Panel is affirmed.

STERNBERG, C.J., and JONES, J., concur.