**CITY OF ENGLEWOOD and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Robert J. Hoover, Respondents.**

**No. 97CA1441.**

Colorado Court of Appeals, Div. I.

March 5, 1998.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

Colorado Compensation Insurance Authority, Carolyn A. Boyd, Denver, Anderson,

Campbell & Laugesen, P.C., Thomas M. Schrant, Denver, for Petitioners.

Eugene A. Duran, Lakewood, for Respondent Robert J. Hoover.

Opinion by Judge DAVIDSON.

In this workers' compensation proceeding, petitioners, City of Englewood (employer) and its insurer, Colorado Compensation Insurance Authority (CCIA), seek review of the final order issued by the Industrial Claim Appeals Office (Panel) which determined that the applicable statute of limitations did not bar the claim of Robert J. Hoover (claimant). We affirm.

On February 3, 1988, claimant sustained an industrial injury while working for employer. The first report of injury submitted to CCIA by employer indicated that claimant was able to continue working after the injury. Claimant testified, however, that he missed 23 consecutive shifts which encompassed 71 calendar days. Employer's payroll records, which tracked claimant's leave, showed an absence from work consistent with claimant's testimony. Additionally, it was undisputed that employer had a wage continuation program which would have paid claimant his full salary during any absence for his injury.

Claimant filed his request for compensation in this matter on September 8, 1995.

The Administrative Law Judge (ALJ) initially determined that claimant's right to compensation was barred by the statute of limitations set forth in Colo. Sess. Laws 1975, ch. 71, § 8–52–105(2) at 305 (recodified with changes in § 8–43–103(2), C.R.S.1997). The ALJ found that the filing period of three years, or five years with reasonable excuse, began to run in February 1988. The ALJ further rejected claimant's contention that the statute was tolled by petitioners' failure to notify the Division of Workers' Compensation that claimant had suffered a lost-time injury as required by Colo. Sess. Laws 1975, ch. 71, § 8–45–101(1) at 294 (repealed and reenacted in substantially similar form as § 8–43–101(1), C.R.S.1997). In particular, the ALJ found that CCIA was under no such requirement because it had no notice prior to

the expiration of the limitations period that the injury had caused claimant to lose time from work.

On review, the Panel determined that the ALJ had erred in rejecting claimant's tolling argument. It concluded that an employer's inaction in reporting a lost-time injury may toll the statute of limitations. The Panel remanded for a new order concerning whether employer had notice or knowledge within the limitations period that claimant had suffered a lost-time injury, and if so, whether employer reported such injury to the Division in accordance with § 8–43–101(1) or its predecessor. The Panel further directed the ALJ to reconsider claimant's tolling argument based upon the new findings.

On remand, the ALJ determined that employer had knowledge of claimant's lost-time injury as early as February 18, 1988, when it updated claimant's payroll records. The ALJ also found that employer had violated § 8–43–101(1) by failing to file a report of a lost-time injury. Accordingly, the ALJ determined that the statute of limitations was tolled.

The Panel upheld that determination on review.

## I.

As a threshold matter, we first reject petitioners' assertion that claimant's tolling argument was raised for the first time on review.

The record shows that claimant asserted a tolling argument with respect to his request for penalties against CCIA, and it also discloses that claimant raised the issue of tolling as to employer, questioned employer's risk manager regarding when employer had knowledge that his injury caused absences from work in excess of three days, and requested the opportunity to brief the statute of limitations issue. Further, the ALJ advised claimant that he could brief that issue when the matter came before the Panel. Under these circumstances, claimant sufficiently preserved for review the tolling issue as it pertained to employer's reporting duties. *See Sneath v. Express Messenger Service,* 931 P.2d 565 (Colo.App.1996).

## II.

Employer and CCIA contend that the Panel erred in determining that employer failed to comply with the filing requirements of § 8–43–101(1). Specifically, they argue that, by filing an Employer's First Report of Injury with CCIA, employer sufficiently complied with the requirements of the statute. We disagree.

Pursuant to § 8–43–103(1), C.R.S.1997, an employer must provide notice to the Division within ten days after an employee incurs an injury for which compensation and benefits are payable. Section 8–43–103(2), C.R.S. 1997, which now sets forth a filing period of two years, or three years with reasonable excuse, further provides that:

[I]n all cases in which the employer has been given notice of an injury and fails, neglects, or refuses to report said injury to the division as required by the provisions of said articles, this statute of limitations shall not begin to run against the claim of the injured employee or said employee's dependents in the event of death until the required report has been filed with the division.

The required injury reports referred to in § 8–43–103(2) also include those reports described in § 8–43–101, C.R.S.1997. *See Grant v. Industrial Claim Appeals Office,* 740 P.2d 530 (Colo.App.1987). Section 8–43–101 provides as follows:

(1) Every employer shall keep a record of all injuries which result in fatality to, or permanent physical impairment of, or lost time from work for the injured employee in excess of three shifts or calendar days. Within ten days after notice or knowledge that an employee has contracted an occupational disease, or the occurrence of a permanently physically impairing injury, or lost-time injury to an employee, or immediately in the case of a fatality, the employer shall, in writing, upon forms prescribed by the division for that purpose, report said occupational disease disability, permanently physically impairing injury, lost-time injury, or fatality to the division. The report shall

contain such information as shall be required by the director.

(2) Injuries to employees which result in fewer than three days' or three shifts' loss of time from work, or no permanent physical impairment, or no fatality to the employee shall be reported by the employer only to the insurer of said employer's workers' compensation insurance liability, which injuries said insurer shall report only by monthly summary form to the division.

■ Section 8–43–101(1) establishes the threshold period of disability that triggers the obligation of the employer to record and report certain injuries to the Division. *See City of Durango v. Dunagan*, 939 P.2d 496 (Colo.App.1997). The use of the word "shall" creates a presumption that the reporting requirement is mandatory. *Burns v. Robinson Dairy, Inc.*, 911 P.2d 661 (Colo.App.1995).

Reports of injuries to the Division serve several purposes, including providing the liability information that aids the Division in administering and enforcing workplace health and safety laws and enabling the state to assume some measure of guardianship over the injured employee's claim. *See Smith v. Myron Stratton Home*, 676 P.2d 1196 (Colo.1984).

■ We are not persuaded by petitioners' argument that, because claimant initially lost no time from work, employer's first report of injury satisfied all reporting requirements and, therefore, notice of the injury only had to be given to the insurance carrier in compliance with § 8–43–101(2), C.R.S.1997. In our view, nothing within either § 8–43–101(1) or § 8–43–101(2) limits an employer's affirmative responsibility to report an employee's lost-time injury whenever the employer learns of such injury. To the contrary, even if, as here, the injury does not initially involve lost time from work, by its terms, § 8–43–101 requires that an employer file a new injury report with the Division upon receipt of information or notice that the injury has resulted in lost time.

■ Petitioners also contend that a supplemental notice was not required after employer became aware of claimant's absence from work because no such forms had been prescribed in the Division's rules for that purpose. However, an administrative rule or regulation is not controlling if contrary to or inconsistent with the regulatory authorizing statute. *See Suetrack USA v. Industrial Claim Appeals Office*, 902 P.2d 854 (Colo. App.1995). Moreover, we note the use of supplemental reports of injury in circumstances similar to those here. *See, e.g., Campbell v. IBM Corp.*, 867 P.2d 77 (Colo. App.1993).

Accordingly, we reject employer's claim that, by its ruling, the Panel imposed a duty on employer which exceeded the duties of notification required under § 8–43–101. Therefore, the Panel correctly determined that the statute of limitations was tolled. *See Halliburton Services v. Miller*, 720 P.2d 571 (Colo.1986) (conflicting evidence that the employer knew of the claimant's injury was sufficient to support ALJ's finding that the statute of limitations was tolled because of employer's failure to report the injury to the Division).

The order is affirmed.

METZGER and ROY, JJ., concur.