ARKANSAS VALLEY SEEDS, INC., d/b/a A.V. Seeds, Inc. and Mid–Century Insurance Company, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Robert Fluck, Respondents.

No. 97CA1504.

Colorado Court of Appeals, Div. A.

July 23, 1998.

Rehearing Denied Sept. 3, 1998.

Certiorari Denied Feb. 22, 1999.

Ritsema & Lyon, P.C., Michael A. Perales, Denver, Colorado, for Petitioners.

No Appearance for Respondent the Industrial Claim Appeals Office.

Burton & Busch, W.M. Busch, Jr., Loveland, Colorado, for Respondent Robert Fluck.

Karen A. Burns, Boulder, Colorado, for Amicus Curiae Workers' Compensation Education Association.

Opinion by Judge PIERCE.*

The sole issue in this workers' compensation case is whether the Industrial Claim Appeals Office (Panel) erred in concluding that computation of permanent medical impairment benefits for a minor is based upon the maximum temporary total disability rate, instead of the claimant's actual temporary total disability rate. We affirm.

The relevant facts are undisputed. Claimant, Robert Fluck, suffered a compensable injury in February 1995 at the age of nineteen. He reached maximum medical improvement (MMI) from both the physical and psychological components of his injury on September 17, 1996, and was given a nine percent combined whole person rating.

Section 8–42–107(8)(d), C.R.S.1997, provides that compensation for permanent impairment of the whole person shall be determined by multiplying the claimant's medical impairment rating by the relevant "age factor" listed in § 8–42–107(8)(e), C.R.S.1997, and by 400 weeks and "shall be calculated at the temporary total disability rate specified in section 8–42–105."

Section 8–42–105, C.R.S.1997, provides that the temporary disability rate is sixty-six and two-thirds percent of the claimant's average weekly wage up to a maximum of ninety-one percent of the state average weekly wage.

Petitioners, Arkansas Valley Seeds, Inc., and its insurer, Mid–Century Insurance Company, admitted liability for permanent medical impairment benefits that were computed by interpreting the phrase "temporary total disability rate specified in section 8–42–105" as claimant's actual temporary total disability rate of $186.67 per week. Claimant objected to the admission of liability.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Based upon the stipulated facts, the Administrative Law Judge (ALJ) determined that the phrase "temporary total disability rate specified in section 8–42–105" meant the maximum temporary total disability benefit rate in effect on September 17, 1996, which was $468.44 per week.

The Panel affirmed. It concluded that in the case of a permanently disabled minor, § 8–42–102(4), C.R.S.1997 (minor's statute) requires permanent medical impairment benefits to be calculated at the maximum rate of temporary total disability, or ninety-one percent of the state average weekly wage. It reasoned that such a conclusion gives effect to the legislative intent of § 8–42–102(4), without increasing litigation on the amount of medical impairment benefits.

Relying upon the language of § 8–42–107(8), C.R.S.1997, which was adopted after § 8–42–102(4), petitioners assert that permanent medical impairment benefits should have been calculated based upon the rate of temporary total disability benefits that claimant actually received. They argue that the "age factor" in § 8–42–107(8)(e) now provides a mechanism that ameliorates the effect of the wage differential due to claimant's age and that the minors' statute conflicts with the mandatory method of calculation set forth in § 8–42–107(8). We disagree.

■ When there is an apparent conflict between two statutory sections, we must attempt to harmonize the statutes in order to give effect to the legislative intent of both statutes. *Mountain City Meat Co. v. Oqueda*, 919 P.2d 246 (Colo.1996). The statute enacted last in time controls only when the statutes cannot be harmonized. *De Jiacomo v. Industrial Claim Appeals Office*, 817 P.2d 552 (Colo.App.1991).

Permanent partial disability benefits are intended to compensate a worker for a permanent loss of future earning capacity. *Broadmoor Hotel v. Industrial Claim Appeals Office*, 939 P.2d 460 (Colo.App.1996). Section 8–42–102(4), which was originally enacted in 1943, *see De Jiacomo v. Industrial Claim Appeals Office, supra; Mills v. Guido's*, 800 P.2d 1370 (Colo.App.1990), states that when a minor incurs permanent disability, benefits shall be "paid at the maximum

rate of compensation payable" at the time of the determination of permanency. The date of determination of permanency is the date the minor has reached MMI. *Golden Animal Hospital v. Horton*, 897 P.2d 833 (Colo.1995).

■ The General Assembly recognized that minors generally earn less than adults and that a minor's permanent disability extends over a longer working life than that of disabled adults. Therefore, the purpose of § 8–42–102(4) was to address the disparity between minors and adults when the worker's permanent disability benefits are calculated from the average weekly wage. *Williams v. Industrial Claim Appeals Office*, 932 P.2d 869 (Colo.App.1997).

■ In order to provide special protection to minors, § 8–42–102(4) created an express exception to the general rule requiring benefits to be computed based on a claimant's actual earnings. In enacting that exception, the intent of the General Assembly in enacting that exception was to provide additional protection for permanently disabled minors by ensuring that their benefits would be computed at the "maximum rate payable," irrespective of the disabled minor's actual earnings. *Horton v. Golden Animal Hospital*, 879 P.2d 459 (Colo.App.1994), *rev'd on other grounds, Golden Animal Hospital v. Horton, supra.*

On the other hand, one of the primary purposes of the amendment to § 8–42–107(8)(d) was to reduce litigation concerning the nature and extent of permanent disability. *Colorado AFL–CIO v. Donlon*, 914 P.2d 396 (Colo.App.1995).

■ We agree with the Panel that §§ 8–42–107(8)(d) and 8–42–102(4) may be read together in a manner to give effect to the legislative intent of both statutes. We also agree with the Panel that the maximum rate payable for medical impairment benefits for a permanently disabled minor is the maximum rate of temporary total disability allowed by § 8–42–105, which as pertinent here was $468.44 per week.

This interpretation gives effect to § 8–42–102(4) without disregarding the purpose of the amendment to § 8–42–107(8) to reduce

**698**

litigation concerning the nature and extent of permanent disability. *Cf. Mills v. Guido's, supra* (in absence of clear legislative mandate, a repeal of the minors' statute would not be construed from adoption of fixed rate under prior version of statute).

In addition, such an interpretation prevents the anomalous result that similarly situated minors with the same degree of permanent impairment would be awarded differing amounts of medical impairment benefits solely because each had received different amounts of temporary benefits. *Cf. Broadmoor Hotel v. Industrial Claim Appeals Office,* 939 P.2d 460 (Colo.App.1996) (considering meaning of phrase "temporary total disability rate specified in § 8–42–105" in context of adult multiple employment).

We are not persuaded that *Williams v. Industrial Claim Appeals Office, supra,* requires a different result. There, unlike the circumstances in this case, the claimant suffered a scheduled injury that was compensated for under § 8–42–107(2), C.R.S.1997. He unsuccessfully argued that he was entitled to the maximum aggregate amount payable for the scheduled injury, rather than 11.5%, which was the proportional impairment of his lower extremity. In addition, unlike § 8–42–107(8)(d), § 8–42–107(2) does not contain the phrase that is the critical language at issue here.

Finally, we recognize that the "age factor" listed in § 8–42–107(8)(e), which is used in the computation of permanent medical impairment, ameliorates the disparate effect of lost earning capacity between workers based upon age. However, the beneficial effect of using an age factor in the formula for determining permanent medical impairment applies to workers of all ages, not just to ameliorate the difference between injured minors and adults. Thus, we agree with the Panel that it is not inconsistent with the legislative intent of § 8–42–102(4) or § 8–42–107(8)(d) to conclude that an injured minor remains entitled to the benefit of the higher end "age factor" listed in § 8–42–107(8)(e), as well as computation of benefits at the maximum temporary disability rate.

Had the General Assembly intended to abrogate the benefit afforded to minors by

§ 8–42–102(4) with the enactment of § 8–42–107(8)(d), it could have explicitly done so. We will not infer that intent, for to do so would amount to judicial legislation. *See Golden Animal Hospital v. Horton, supra.*

Order affirmed.

HUME, C.J., and ERICKSON *, J., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. 1997.