**Frank J. SALAZAR, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, Nelson Pipeline Constructors and Liberty Mutual Insurance Company, Respondents.**

No. 99CA0895.

Colorado Court of Appeals,
Div. I.

Feb. 3, 2000.

Rehearing Denied March 20, 2000.

Certiorari Denied Sept. 18, 2000.

Douglas R. Phillips, P.C., Douglas R. Phillips, Denver, Colorado, for Petitioner.

Zarlengo, Mott, Zarlengo & Winbourn, Scott M. Busser, Denver, Colorado, for Respondent Nelson Pipeline Constructors and Liberty Mutual Insurance Company.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, James E. Martin, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Opinion by Judge NEY.

The sole issue in this case is whether a workers' compensation claimant who receives permanent total disability (PTD) benefits at the maximum capped rate, as set forth in

§§ 8–42–105(1) and 8–42–111(1), C.R.S.1999, is also entitled to the cost of living adjustment (COLA) provided by § 8–42–111(4), C.R.S.1999. Because we conclude that the COLA adjustment is not subject to the benefit cap, we therefore set aside the order of the Industrial Claim Appeals Office (Panel) denying Frank J. Salazar (claimant) increased PTD benefits and remand to the panel to order that claimant receive the COLA adjustment.

Claimant sustained an industrial injury in November 1993. The Administrative Law Judge (ALJ) ordered the employer, Nelson Pipeline Constructors, and its insurer, Liberty Mutual Insurance Co., to pay PTD benefits. It is undisputed that claimant's average weekly wage produced a PTD rate of $432.25 per week, which was equivalent to the maximum temporary total disability (TTD) rate provided at the time of the injury.

These rates are significant because of the interplay between the statutes at issue here. The COLA provision in § 8–42–111(4) states that:

> For injuries occurring on and after July 1, 1991, and before July 1, 1994, the average weekly wage of injured employees used for computing compensation paid for awards pursuant to subsection (1) of this section shall be increased by two percent per year effective July 1 of each year, and *such increased compensation shall be payable for the subsequent twelve months.*

(emphasis added).

The remaining two provisions, taken together, form the benefit cap for PTD benefits. Section 8–42–111(1) provides that for PTD, "the award shall be sixty-six and two-thirds percent of the average weekly wages of the injured employee ... but *not in excess of the weekly maximum benefits* specified in this article for injuries causing temporary total disability." (emphasis added). In turn, TTD benefits are calculated under § 8–42–105(1), which provides that "the employee shall receive sixty-six and two-thirds percent of said employee's average weekly wages ... *not to exceed a maximum of ninety-one percent of the state average weekly wage per week.*" (emphasis added).

Applying these statutes, the ALJ determined that claimant was not entitled to the 2% increase since he had already received the maximum amount of PTD benefits allowed under the benefit cap. The Panel affirmed.

Claimant contends that a plain reading of the benefit cap and COLA provision mandates that he receive the 2% increase in his PTD benefits. We conclude that under the applicable rules of statutory construction, claimant is entitled to the COLA increase not limited by the benefit cap.

In interpreting the COLA provision in § 8–42–111(4), we must seek to effectuate the legislative intent. In so doing, we apply the rule that words and phrases in statutes should be given their plain and ordinary meanings. If the statutory language is clear and unambiguous, we need not resort to other rules of statutory construction. *Snyder Oil Co. v. Embree,* 862 P.2d 259 (Colo.1993).

A comprehensive statutory scheme should be construed in a manner which gives consistent, harmonious, and sensible effect to all parts of the statute. *Henderson v. RSI, Inc.,* 824 P.2d 91 (Colo.App.1991). Thus, when there is an apparent conflict between two statutory sections, we must attempt to harmonize the statutes in order to give effect to the legislative intent of both statutes. *Mountain City Meat Co. v. Oqueda,* 919 P.2d 246 (Colo.1996). However, if the statutes cannot be harmonized, the statute enacted later in time controls. *Arkansas Valley Seeds, Inc. v. Industrial Claim Appeals Office,* 972 P.2d 695 (Colo.App.1998).

Here, the statutes present an irreconcilable conflict. Section 8–42–111(4) provides that the average weekly wage shall be increased and that the increased compensation shall be payable for the subsequent twelve months. *See City of Englewood v. Industrial Claim Appeals Office,* 954 P.2d 640 (Colo. App.1998) (use of the word "shall" creates a presumption that the requirement is mandatory). The benefit cap uses equally compelling and mandatory language.

We cannot give mandatory effect to both the COLA and the benefit cap provisions. Therefore, the COLA provision, being last

enacted, prevails and must be given full effect in this case. *See Arkansas Valley Seeds, Inc. v. Industrial Claim Appeals Office, supra; compare* Colo. Sess. Laws 1991, ch. 219, § 8–42–111(4) at 1313 (the later enactment of the COLA provision, *with* Colo. Sess. Laws 1989, ch. 67, § 8–51–102 at 413) (the enactment of the precursor to § 8–42–105(1)) and Colo. Sess. Laws 1919, ch. 210, § 77 at 731 (the precursor to § 8–42–111(1), which contained the same phrase: "but not in excess of the weekly maximum benefits ... for injuries causing temporary total disability").

Furthermore, the use of the term "compensation" in § 8–42–111(4) demonstrates that the COLA increase is not limited to an increase in only the average weekly wage. Instead, the provision includes an increase in the overall compensation benefits. If the General Assembly had intended to limit the scope of the COLA provision, it would have so provided. *See Sears v. Penrose Hospital,* 942 P.2d 1345 (Colo.App.1997). We decline to read such limiting language into the statute. *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

Consequently, we conclude that the COLA provision in § 8–42–111(4) applies here even though claimant already receives the maximum PTD benefits established by § 8–42–111(1).

The order of the Panel is set aside, and the cause is remanded to the panel to order that claimant receive the COLA adjustment.

Judge METZGER and Judge VOGT concur.